# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS
219 S Dearborn Street
Chicago, IL 60604

**Kenneth S. Gardner**, Bankruptcy Clerk

Date ___February 15, 2008___

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

Case Number ___96 B 3162___

**KC F I L E D**

FEB 1 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case Name ___James A. Redmond___

Notice of Appeal Filed ___1/2/2008___

Appellant ___Fifth Third Bank___

Dear Sir:

Pursuant to **Bankruptcy Rule 8007** transmitted herewith is the Record on Appeal. The Record on Appeal consist of:

| | |
|---|---|
| [✓] Transmittal Letter and Civil Cover Sheet | [ ] Supplemental to the Record |
| [✓] Designation | [✓] Notice of Appeal |
| [✓] Statement of Issues | [ ] Copy of Documents Designated |
| [ ] Transcript of Proceeding | [ ] Exhibits |
| | [ ] Expedited Notice of Appeal |
| | [✓] Certified Copy of Docket Sheet |

Additional Items Included

[✓] **Appellee's Designation of Additional Item to be included in the Record on Appeal.**

[ ] Total Volumes Transmitted

The following items will be transmitted as a supplemental to the Record on Appeal

[ ] _____

Previous D C Judge ___manning/mason___    Case Number ___06 C 4503___

Deputy Clerk _[signature]_

**08CV961
JUDGE MANNING
MAGISTRATE JUDGE MASON**

**APPEAL TO THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FROM THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES A. REDMOND, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | Case No. 96 B 03162 |
| JAMES A. REDMOND, | ) | |
| | ) | Chapter 13 |
| Appellant, | ) | |
| | ) | Hon. Eugene Wedoff, Judge Presiding |
| v. | ) | |
| | ) | |
| FIFTH THIRD BANK, f/k/a | ) | |
| PINNACLE BANK, | ) | |
| | ) | |
| Appellee. | ) | |

**NOTICE OF APPEAL**

TO:    *See Attached Service List*

JAMES A. REDMOND, the Debtor in the above-entitled proceeding, hereby appeals to the United States District Court for the Northern District of Illinois, Eastern Division, from the Order denying Debtor's Motion to Reopen Case and for Leave to File Motion for Sanctions Against Fifth Third Bank, which Order was entered by the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, on December 20, 2007.

The parties to the Order appealed from and the names and addresses of their respective attorneys are as follows:

Jordan B. Rifis
David P. von Ebers
Help-U-Settle Attorneys, Chtd.
Law Offices of Jordan B. Rifis, P.C.
1034 Pleasant Street
Oak Park, Illinois  60302
(708) 386-4900
***Attorney for Debtor/Appellant***

Edward J. Lesniak, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue
22nd Floor
Chicago, Illinois 60611-3607
(312) 840-7007
***Attorney for Appellee Fifth Third Bank***

Constantine C. Harvalis
224 South Michigan Avenue
Suite 310
Chicago, Illinois 60604
(312) 431-1300
***U.S. Trustee***

Dated: January 2, 2008

                              Respectfully submitted,


                              By:___/s/ Jordan B. Rifis_____
                                      One of His Attorneys


Jordan B. Rifis (A.R.D.C. No. 02337185)
David P. von Ebers (A.R.D.C. No. 6196337)
Help-U-Settle Attorneys, Chtd.
1034 Pleasant Street
Oak Park, Illinois 60302
(708) 386-4900

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Notice of Appeal to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Additionally, the individuals identified on the attached service list will be served by mail, by placing true and correct copies of this Notice of Appeal in envelopes addressed as indicated on the attached service list, with postage prepaid, and depositing the same in the U.S. mail at the Oak Park Main Post Office before the hour of 5:00 p.m. on January 2, 2008.

/s/ Jordan B. Rifis

*In Re James A. Redmond, Debtor,* Case No. 96 B 03162

## SERVICE LIST

James A. Redmond
Mr. James Redmond
125 Acacia Drive
Indian Head Park, Illinois  60525
*Debtor/Appellant*

Constantine C. Harvalis
224 South Michigan Avenue
Suite 310
Chicago, Illinois  60604
*U.S. Trustee*

Edward J. Lesniak, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue
22nd Floor
Chicago, Illinois  60611-3607
*Attorneys for Fifth Third Bank f/k/a Pinnacle Bank*

Roberto Anguizola, Esq.
Schwartz Cooper, Chartered
180 North LaSalle Street
Suite 2700
Chicago, Illinois  60601
*Attorneys for Metropolitan Mortgage and Security Company, Inc.*

Michael C. Kim, Esq.
Michael C. Kim & Associates
19 South LaSalle Street
Suite 303
Chicago, Illinois  60603
*Attorneys for Wilshire Green Condominium Association*

Paul R. Gamperl, Esq.
Tribler, Orpett & Meyer, P.C.
30 North LaSalle Street
Suite 2200
Chicago, Illinois  60602
*Attorneys for Robert A. Egan*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                )
                                      )       Chapter 13
JAMES A. REDMOND,                     )
                                      )       Case No. 96 B 3162
        Debtor.                       )

APPELLEE'S DESIGNATION OF ADDITIONAL ITEM
TO BE INCLUDED IN THE RECORD ON APPEAL

Fifth Third Bank, f/k/a Pinnacle Bank, appellee, pursuant to Rule 8006 of the Rules of

Bankruptcy Procedure, herein submits its Designation of Additional Item To Be Included on the

Record on Appeal.    The additional item is Docket No. 141, the Bankruptcy Court's

Memorandum Opinion dated December 20, 2007.    A copy of the Memorandum Opinion is

attached to this designation.

                              FIFTH THIRD BANK, f/k/a Pinnacle
                              Bank, Appellee


                              By:___/s/____Edward J. Lesniak_____
                                      Its attorney


Edward J. Lesniak
Burke, Warren, MacKay & Serritella, P.C.
Attorneys for Fifth Third Bank
330 N. Wabash Avenue, 22nd Floor
Chicago, IL  60611-3607
(312) 840-7000 (telephone)
(312) 840-7900 (facsimile)
11002\00001\458522.1

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Fifth Third Bank, appellee, certifies that he caused a copy of the foregoing Appellee's Designation of Additional Item to be Included in the Record on Appeal to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. In addition, the persons on the attached service list will be served a copy of the Designation by regular first class mail by depositing true and correct copies of same in the U.S. Mail chute at 330 N. Wabash Avenue, Chicago, Illinois in properly addressed envelopes with postage fully prepaid before the hour of 5:00 p.m. this 18th day of January, 2008.

/s/    Edward J. Lesniak

## SERVICE LIST

Paul R. Gamperl
Tribler, Orpett & Meyer, P.C.
Attorney for Robert Egan
225 W. Washington Street
Suite 1300
Chicago, IL 60606


Jordan B. Rifis
David P. von Ebers
Help-U-Settle Attorneys, Chtd.
Attorneys for Debtor/Appellant
1034 Pleasant Street
Oak Park, Illinois 60302


Edward S. Weil
Roberto Anguizola
Wayne Creel
Seth M. Rosenberg
Schwartz, Cooper, Greenberger & Krauss, Chtd.
Attorneys for Metropolitan Mortgage and Security Company, Inc.
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601


Michael C. Kim & Associates
Attention: Michael C. Kim
Attorneys for Wilshire Green Condominium Association
19 S. LaSalle Street
Suite 303
Chicago, IL 60603


Constantine C. Harvalis
United States Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606

## File an Appeal:

96-03162 James A Redmond **CASE CLOSED on 05/24/2001**

Type: bk                    Chapter: 13 v             Office: 1 (Chicago)
Judge: REG                  Assets: y                 Disp: Standard Discharge
Case Flag: CLOSED, APPEAL

### U.S. Bankruptcy Court

### Northern District of Illinois

Notice of Electronic Filing

The following transaction was received from Lesniak, Edward J. entered on 1/18/2008 at 5:24 PM CST
and filed on 1/18/2008
**Case Name:**       James A Redmond
**Case Number:**     96-03162
**WARNING: CASE CLOSED on 05/24/2001**
**Document Number:**    150

**Docket Text:**
Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Edward J. Lesniak on
behalf of Fifth Third Bank. (RE: [143] Notice of Appeal, ). (Lesniak, Edward)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**S:\Ecopy Scans\lesn0e\Fifth Third Bnk Designation of Item .pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686655 [Date=1/18/2008] [FileNumber=18739363-
0] [156f25ee8d997a13441aea10a21bdddf2deec96722145f59d27c97a8c22a8f8126
1c48bf06b155f5179a760ed92e37a8a8c30efbf3c528c2c883fce2c5739ac4]]

**96-03162 Notice will be electronically mailed to:**

Constantine C Harvalis    USTPRegion11.es.ecf@usdoj.gov, constantine.harvalis@usdoj.gov

Edward J. Lesniak    elesniak@burkelaw.com

Jordan B. Rifis    jordanlaw1@aol.com

**96-03162 Notice will not be electronically mailed to:**

Thomas Holstein
109 West Elm St
Chicago, IL 60610

David P von Ebers

2805 Butterfield Rd
Ste 150
Oak Brook, IL 60523

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )          Chapter 13
                                    )
James A. Redmond,                   )          Case No. 96-B-03162
                                    )
            Debtor.                 )
                                    )

## MEMORANDUM OPINION

This closed Chapter 13 case is before the court on remand after an appeal to the district court. At issue is the debtor's motion to reopen the case, pursuant to § 350(b) of the Bankruptcy Code (Title 11, U.S.C.), for the purpose of presenting a motion for sanctions against the debtor's mortgagee, with whom he is involved in a state court foreclosure action. This court originally denied the motion with a brief oral explanation. On appeal, the district court directed full consideration of the factors bearing on a motion to reopen. As discussed below, the motion to reopen is again denied because (1) there is no relief that can be awarded to the debtor in this court, (2) the state court can provide any relief to which the debtor may be entitled, and (3) the motion was untimely.

### Jurisdiction

Under 28 U.S.C. § 1334(a), district courts have "original and exclusive jurisdiction of all cases under Title 11," but they may refer such cases to the bankruptcy judges for their districts under 28 U.S.C. § 157(a). The District Court for the Northern District of Illinois has made such a reference through its Internal Operating Procedure 15(a).

Pursuant to this reference, the bankruptcy court has jurisdiction under 28 U.S.C. § 157(b)(1) to "hear and determine all cases under title 11." Accordingly, this court has jurisdiction to determine whether the present case should be reopened. *See Virginia v. Collins (In*

*re Collins*), 173 F.3d 924, 928 (4th Cir. 1999) ("[T]he bankruptcy court's power to reopen flows from its jurisdiction over debtors and their estates.").

## Findings of Fact

*Procedural history.* This Chapter 13 case began nearly twelve years ago. The debtor, James Redmond, filed the case in February 1996 to deal with a $70,000 balloon home mortgage that was in default and in foreclosure.[1] To keep his home, Redmond eventually proposed a Chapter 13 plan under which he would (1) cure the existing mortgage default, bringing his account current, (2) make future monthly mortgage payments as they came due, and then (3) pay the mortgage in full before its balloon payment date, April 1, 1998. However, Redmond did not pay the mortgage on that date, and as a result, his plan remained in effect only as to other debts, with the mortgage dealt with in a state court foreclosure proceeding. Redmond completed plan payments for the other debts and received a discharge in his bankruptcy case on May 4, 1999. The bankruptcy case closed in 2001.

Four years later, Redmond first presented a motion to reopen his bankruptcy case, seeking to stay the foreclosure action. That motion was denied on the ground that the relief Redmond sought was an adjudication of the amount he owed on the mortgage—something that would properly be determined in the state court. (Hrg. Tr. at 3-5, July 12, 2005.) Redmond did not appeal this decision.

Nearly a year later, on June 12, 2006, Redmond filed the current motion. Once again, he sought to reopen his bankruptcy case, this time to present a motion for sanctions against the mortgagee bank. (Mot. to Reopen, ¶ 1.) The second motion to reopen was also denied,

---

[1] The district court opinion states that the loan amount was $60,000, which is the amount supplied by Redmond in his appellate brief. (*See* Brief of Debtor-Appellant at 3). However, both Redmond's filings in this court and the bank's payoff letter support the $70,000 figure. (*See* Proposed Motion for Sanctions ("Sanctions Mot.," Exhibit A to the Motion to Reopen) ¶ 22 and Sanctions Mot. Ex. 9.)

2

and this time Redmond appealed. The district court reversed the denial of the motion and remanded, directing this court to "take into account all pertinent factors in determining whether Redmond has presented cause for reopening his bankruptcy case." (Op. at 8.)

*The dispute between Redmond and the bank.* Redmond's claim for sanctions— the rationale for now reopening his bankruptcy case—-is based on an alleged inconsistency between payment amounts set out in an agreed order, entered at the beginning of the bankruptcy case, and sums that the mortgagee later claimed in a payoff letter and in the state court foreclosure action.

In February 1996, shortly after Redmond filed this bankruptcy case, his mortgagee— Pinnacle Bank, now Fifth Third Bank—filed a proof of claim stating that in addition to Redmond's current mortgage payments it was owed "arrears" of $13,317.25. (Sanctions Mot., Ex. 9.) The bank thereafter brought motions to dismiss the bankruptcy case and to modify the automatic stay and objected to Redmond's proposed Chapter 13 plan. (Bankruptcy Docket Nos. 20-22.) Its motion to modify the stay was granted with an effective date of April 23, 1996. (Bankruptcy Docket No. 39.) But before the bank could proceed with foreclosure in reliance on that order, Redmond moved to vacate the order modifying the stay and objected to the bank's arrears claim.

Redmond and the bank eventually settled these disputes, and they memorialized their settlement in an order that the court entered on June 18, 1996—the "Agreed Order" on which Redmond's claim for sanctions is grounded. (Bankruptcy Docket No. 55.) The order had several salient features:

• It reinstated the automatic stay as to the bank. (Agreed Order, ¶ 1.)

• It established a reduced arrears claim of $10,810.73 "for the purpose of the Chapter 13 reorganization plan." (*Id.*, ¶ 2.)

3

• It required Redmond to amend his Chapter 13 plan to make payments on the re-
duced arrearage amount that would satisfy the claim within 30 months and required that he
make timely current mortgage payments in order to retain the protection of automatic stay,
preventing foreclosure of the mortgage. (*Id.*, ¶¶ 3, 4.)

• It provided that if Redmond failed to make timely current payments, the automatic
stay would terminate upon notice by the bank and a failure by Redmond to cure the current
payment default within 10 days of the notice. (*Id.*, ¶¶ 4, 5.)

• It provided that "notwithstanding the cure provisions or the default provisions of this
order, the [automatic] stay will automatically modify as to [the bank] on April 1, 1998 which is
the date the balloon payment comes due on the note and mortgage which is the subject matter
of this order." (*Id.*, ¶ 7.)

• It required the bank, upon any automatic modification of the stay pursuant to the or-
der, to give notice to Redmond and the trustee and to file the notice with the court. (*Id.*, ¶ 8.)

Although Redmond did not obtain confirmation of a plan consistent with the Agreed
Order until June 3, 1997, a year after its entry (*see* Bankruptcy Docket No. 88), it appears that
he made timely payments both to the bank on the mortgage and to the Chapter 13 trustee.
The trustee, in turn, disbursed payments on the bank's arrearage claim.[2]

In February and March 1998, Redmond demanded payoff letters from the bank in or-
der to obtain a loan needed to pay the outstanding balance on the mortgage by the April 1 bal-
loon payment date, as the Agreed Order required to avoid termination of the automatic stay.
(Sanctions Mot., Ex. 6-7.) Redmond received payoff letters from the bank on March 3 and
March 19 (*Id.*, Ex. 8-9), but he asserted that the letters overstated the payoff amount, and he
and the bank's counsel exchanged correspondence regarding their positions on the correct

---

[2] As of the balloon payment date, the trustee had paid the bank $7,659.24 on its arrearage
claim, leaving a balance of $3,151.49. (Sanctions Mot., Ex. 5.)

4

payoff amount. (*Id.*, Ex. 10, 15.) In one of his letters, Redmond threatened "legal action" against the bank unless it provided a payoff letter according to his specifications. (*Id.*, Ex. 10.) However, as reflected in the bankruptcy docket, Redmond never brought the dispute to the bankruptcy court's attention, either before the balloon payment date or during the remaining several years before the bankruptcy case was closed.

Instead, Redmond and the bank litigated the question of the amounts due under the mortgage in a new state court foreclosure action that the bank instituted on July 1, 1998. (Sanctions Mot., ¶ 23.) Redmond never contended at any time during the pendency of his bankruptcy case that this foreclosure proceeding violated the automatic stay. Meanwhile, the bankruptcy case continued. Redmond made plan payments on other debts, which the trustee distributed, and Redmond received a discharge on May 4, 1999. (Bankruptcy Docket No. 103.) The case was closed on May 24, 2001. (Bankruptcy Docket No. 110.)[3]

The dispute over the amount Redmond owed on his mortgage—after seven years of proceedings—was set for trial in the state court on July 18, 2005. (Sanctions Mot., Ex. 11 at 8.) On June 30, 2005, however, Redmond filed a motion in the bankruptcy court to reopen his bankruptcy case and stay the foreclosure action, asserting that the bank was seeking to recover fees that had been covered by the Agreed Order. On July 12, when he presented the motion, this court denied it on the ground that the preclusive effect of the Agreed Order was for the state court to determine. (Mot. to Reopen, Ex. B at 3-5.) The next day, July 13, Redmond asked the state court to delay the trial so that he could file a third amended counterclaim against the bank, raising his claim that the Agreed Order prevented collection of certain sums sought by the bank. (Mot. to Reopen, ¶ 5.)

---

[3] The record does not explain the delay in closing the case, but a likely cause is the appointment of a new standing Chapter 13 trustee to administer the case shortly after discharge was entered. (Bankruptcy Docket No. 105.)

Pursuant to an order of the state court, the bank responded with a memorandum op-
posing continuance of the trial, filed two days later, on July 15. (*Id.*, ¶ 7; Motion for Sanctions,
Ex. 11.)  The bank argued that its payoff letters and claims in the foreclosure action did not
seek to collect fees treated by the Agreed Order and attached an itemization showing legal
work performed by its counsel during the bankruptcy case.[4]  The bank also argued that with-
out violating the Agreed Order, it "could collect, if it chose to do so, all amounts due to it,"
since the arrears amount set out in the Agreed Order did not itemize the charges that it cov-
ered and since it reflected a compromise in effect only "for the purpose of the Chapter 13 re-
organization plan" rather than for foreclosure proceedings.

The record does not reflect the state court's ruling on the motion to continue, but
nearly a year after briefing on the motion, on June 12, 2006, Redmond filed the current mo-
tion to reopen his bankruptcy case, this time so that he could file a motion for sanctions
against the bank for violation of the automatic stay, the Agreed Order, his Chapter 13 plan,
and his discharge. (Mot. to Reopen, ¶ 1.) At the heart of Redmond's request for relief was
the itemization that the bank filed in the state court action on July 15, 2005, setting out a cal-
culation of the fees in the disputed March 19, 1998 payoff letter. Redmond asserted that this
itemization established that the bank was indeed seeking to collect fees foreclosed by the
Agreed Order. Finding that this second motion to reopen again raised only questions regard-
ing the correct amount due under the mortgage—and revealed no potential violations of bank-
ruptcy court orders or the automatic stay—this court declined to reopen the case. The appeal,
reversal, and remand followed.

---

[4] The itemization (Sanctions Mot., Ex. 15) reflects substantial work in addition to what would
ordinarily be required to represent a mortgagee bank in a Chapter 13 case. Between the con-
firmation of the plan in May 1997 and the balloon date in April 1998, Redmond filed—and the
bank's counsel addressed—at least four complaints against the bank with the Illinois Office of
Banks and Real Estate, a complaint against the bank's attorney with the Illinois Attorney Reg-
istration and Disciplinary Commission, and a complaint with the Federal Deposit Insurance
Corporation.

## Conclusions of Law

Section 350(a) of the Bankruptcy Code addresses the closing of bankruptcy cases. It provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Section 350(b), in turn, provides that a closed case "may" be reopened for specified purposes: "to administer assets, to accord relief to the debtor, or for other cause." The permissive language of this provision accords wide discretion to the court considering a motion to reopen. *In re Bianucci*, 4 F.3d 526, 528 (7th Cir. 1993) ("[T]he decision whether to reopen a case is within the broad discretion of the bankruptcy court."); *In re Rosinski*, 759 F.2d 539, 540-41 (6th Cir. 1985) ("[D]ecisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge.").

In exercising this discretion, courts have considered a number of factors. The Seventh Circuit has said that the power to reopen a case under § 350(b) is "reserved for matters such as the correction of errors, amendments necessitated by unanticipated events that frustrate a plan's implementation, and the need to enforce the plan and discharge." *In re Zurn*, 290 F.3d 861, 864 (7th Cir. 2002). Another decision summarizes the case law as follows:

> [W]hen a former debtor seeks to reopen a closed bankruptcy case . . . the court should consider a variety of non-exclusive factors including: the length of time that the case has been closed, *see Matter of Case*, 937 F.2d at 1018; whether a non-bankruptcy forum, such as state court, has the ability to determine the dispute to be posed by the debtor were the case reopened, *see, e.g. In re Tinsley*, 98 B.R. 791 (Bankr. S.D. Ohio 1989); *In re E.A. Adams, Inc.*, 29 B.R. 227 (Bankr. D.R.I. 1983); *In re Hepburn*, 27 B.R. 135 (Bankr. E.D.N.Y. 1983); whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the rights, post-bankruptcy, of the parties; whether any parties would be prejudiced were the case reopened or not reopened; the extent of the benefit which the debtor seeks to achieve by reopening; and whether it is clear at the outset that the debtor would not be entitled to any relief if the case were reopened. *See generally Arleaux v. Arleaux*, 210 B.R. 148, 149 (8th Cir. B.A.P. 1997); *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995) (a bankruptcy court "should not reopen a bankruptcy case where it appears that to do so would be futile and a waste of judicial resources") . . . .

7

*In re Antonious,* 373 B.R. 400, 405-06 (Bankr. E.D. Pa. 2004).

The issues raised by Redmond's motion to reopen coalesce around three of these factors: (1) the need to enforce Redmond's plan or other rights arising from his bankruptcy case, (2) the appropriate forum for determining the rights of Redmond and the bank, and (3) the timeliness of Redmond's request for reopening. Each of these factors weighs against reopening the case.

### 1. *Entitlement to bankruptcy relief*

Under § 350(b), cause must be shown for a case to be reopened, and the moving party has the burden of demonstrating that cause. *See, e.g., Mass. Dep't of Revenue v. Crocker (In re Crocker),* 362 B.R. 49, 53 (B.A.P. 1st Cir. 2007); *In re Padilla,* 365 B.R. 492, 503 (Bankr. E.D. Pa. 2007). The only cause cited in Redmond's current motion to reopen is his proposed motion for sanctions. Unless that motion has at least facial validity, then, there is no cause for reopening. *See Arleaux v. Arleaux,* 210 B.R. 148, 149 (B.A.P. 8th Cir. 1997) (holding that a motion to reopen was properly denied when brought only to present a groundless complaint). Although Redmond argues that the bank violated the Agreed Order, the automatic stay, his Chapter 13 plan, and his discharge, all of these alleged violations come down to the same conduct: the bank set out in its payoff letters, and sought to collect in the foreclosure proceeding, mortgage charges that Redmond asserts were disposed of by the Agreed Order. But even if Redmond's assertion about the scope of the Agreed Order were correct, this conduct violated no court order or any right accorded to a debtor in bankruptcy.

a. *The Agreed Order.* It is well established that bankruptcy courts retain jurisdiction to interpret or enforce their own orders even after a case is closed. *See Beneficial Trust Deeds v. Franklin (In re Franklin),* 802 F.2d 324, 326 (9th Cir. 1986); *Koehler v. Grant,* 213 B.R. 567 (B.A.P. 8th Cir. 1997). However, nothing in the Agreed Order created any obligation on the

part of the bank that Redmond could seek to enforce. The Agreed Order had a simple operation: it reinstated the automatic stay, preventing a foreclosure from going forward, and allowed Redmond to pay off his mortgage on or before its balloon payment date, as long as Redmond (1) proposed an amended plan that included payments of an agreed arrearage amount, amortized over 30 months, and (2) made timely payments of all other obligations that became due on the mortgage or his plan. The order itself did not require the bank to do or refrain from doing anything that affected Redmond.[5]

b. *The automatic stay.* The Agreed Order reimposed on the bank the automatic stay defined by § 362(a) of the Bankruptcy Code, which, in paragraphs (a)(1), (4) and (6), prohibits actions to recover on claims that arose before the bankruptcy case was commenced and actions to enforce liens against property of the debtor or the debtor's estate. Thus, while the automatic stay was in effect, the bank was prohibited from attempting to enforce its claim against Redmond or his home outside of the bankruptcy case.

Redmond's proposed sanctions motion suggests two ways in which the bank might have violated the stay, but both are groundless. First, Redmond points to the bank's payoff letters, which he contends included amounts that were eliminated by the Agreed Order. However, whether the payoff letters were correct or incorrect is irrelevant to the question of whether the stay was violated. The letters were not attempts to collect, but simply statements of the bank's position as to what was owed. The bank did not seek payment by issuing the letters; rather, it issued them in response to Redmond's demand, prompted by his desire to make a voluntary payment of the mortgage debt.

---

[5] As discussed below, the Agreed Order did require the bank to file with the court notice of modification of the automatic stay as of the balloon payment date, but any failure to file that subsequent notice had no effect on the stay modification. Redmond, of course, was fully on notice that the bank considered the stay terminated, given his participation in the foreclosure proceedings.

9

There is authority that such a payoff letter can violate the automatic stay. *In re Sullivan*, 367 B.R. 54 (Bankr. N.D.N.Y. 2007), for example, holds that a payoff letter requested by a Chapter 13 debtor violated the automatic stay because it included attorneys' fees that the court found improper. The decision, though, is not persuasive. If a payoff letter with an incorrect loan balance were an attempt to collect the underlying debt, then a payoff letter with the correct balance would also be an attempt to collect. The automatic stay makes no distinction between collection activities based on the accuracy of the amount claimed. All activity to collect prepetition debts or enforce prepetition liens is prohibited. For both accurate and excessive claims, collection efforts are prohibited. Thus, if Redmond's position were correct, *all* payoff letters requested by debtors in bankruptcy would violate the automatic stay—a position completely without support in either precedent or bankruptcy policy.

Second, Redmond argues that the bank's long-pending foreclosure action is a violation of the automatic stay because the bank failed to give notice that the automatic stay terminated, pursuant to the Agreed Order, at the time of the balloon payment. Redmond simply misreads the Agreed Order. For defaults either in regular monthly mortgage payments before the balloon or in payments under the Chapter 13 plan, the Agreed Order, at ¶¶ 4 and 5, did indeed require notice from the bank, triggering an opportunity for Redmond to cure the default, before the stay would be modified. In these situations, notice was a condition precedent to relief from the automatic stay. But ¶ 7 of the Agreed Order provided for modification of the stay at the time of the balloon payment, "notwithstanding the cure provisions or the default provisions of this order." Termination of the stay at the time of the balloon payment was not subject to notice and cure. Paragraph 8 of the Agreed Order required the bank to give notice of stay modification under any of the order's provisions, but this duty could only arise after the stay was modified; it could not be a condition precedent to stay relief. Thus, the stay did ter-

10

minate on the balloon payment date, and any failure by the bank to file a notice of the termination with the court did Redmond no harm.[6]

c. *The Chapter 13 plan.* Redmond's allegation that the bank violated the plan and confirmation order in the bankruptcy case stems from the bank's including in its payoff letters amounts that were scheduled to be paid through the plan. (Motion for Sanctions, ¶ 36.) As discussed above, the plan incorporated the terms of the Agreed Order, reducing the bank's arrearage claim to $10,810.73 and requiring satisfaction of that claim through plan payments over 30 months. At the time the payoff letter was sent, these plan payments had not been completed. Redmond asserts that by failing to deduct the balance due on the arrearage claim from the total due under the mortgage, the bank "was attempting to recover those fees and expenses twice – once from Debtor and a second time from the Chapter 13 Trustee." (*Id.*, ¶ 37).

There is no basis for this assertion. The payoff letter stated the bank's position as to the outstanding balance of the mortgage, without regard to how that balance would be paid. If the balance had been completely paid through a refinancing, the Chapter 13 plan could have been modified to stop further payments of the arrearage claim. *See* 11 U.S.C. § 1329(a)(3) (providing for modification of Chapter 13 plans to "alter the amount of the distribution to a creditor . . . to the extent necessary to take account of any payment . . . other than under the plan"). On the other hand, the bank could hardly have released its lien on the property while payments were still owed on the mortgage. Stating the full balance due in the payoff letters was not only consistent with Redmond's plan, it was essential to allow the refinancing that Redmond was seeking.

---

[6] Through his involvement in the later foreclosure proceedings, Redmond was well aware that the bank considered the automatic stay terminated. The bank's failure to file a notice to this effect may have resulted in the Chapter 13 trustee making payments on the bank's arrearage claim that would otherwise have been withheld, but any such payments would simply reduce the claim that the bank could assert in the foreclosure proceeding.

11

d. *The discharge injunction.* Redmond's last basis for claiming that the bank should be sanctioned for bankruptcy-related misconduct is that the bank violated the discharge injunction by attempting to collect in the foreclosure proceeding sums that were part of the arrearage claim included in Redmond's Chapter 13 plan and so discharged.

The problem with this argument is that it misunderstands both the nature of the bank's claim and the extent of a bankruptcy discharge. Contrary to Redmond's assumption, the bank did not have separate claims for a "mortgage"—which Redmond acknowledges was not discharged— and an "arrearage" that Redmond contends was discharged. Rather, the bank had a single claim: a right to payment under a promissory note, secured by a mortgage. The relevance of the amount in default under the mortgage is that one option for treating a claim in Chapter 13, under § 1322(b)(3) or (5), is "cure" of defaults. These provisions permit a Chapter 13 plan to provide for paying past due amounts and then satisfying the balance of a debt according to its terms. By filing a claim only for "arrears," the bank facilitated a plan to cure Redmond's mortgage default.[7] But curing the default was only one part of the required treatment of the bank's claim. A "cure" under § 1322(b)(3) left the balloon untouched, and that balance had to be paid to satisfy the claim. The Agreed Order recognized this aspect of the plan: by the balloon payment date Redmond had to have satisfied the bank's claim by paying the full balance due on the mortgage or the bank could enforce its rights outside the bank-

---

[7] For claims secured only by mortgages on the debtor's principal residence, with due dates extending beyond the five-year maximum term of a plan, cure of default and maintenance of current payments, under § 1322(b)(5), is the only permissible plan treatment, since § 1322(b)(2) otherwise prevents modification of the creditor's rights. *See Nobelman v. American Sav. Bank*, 508 U.S. 324, 328-30 (1993) (explaining the statutory scheme). Because Redmond's mortgage did not extend beyond the term of his plan, cure of default was not the only option, but as expressly provided in § 1322(c)(1), a default in a shorter term mortgage may be cured under § 1322(b)(3), and this was the option chosen by Redmond and incorporated into the Agreed Order and plan.

12

ruptcy case. When Redmond failed to pay the balance of the mortgage, he defaulted under the plan and lost any right to a discharge of the bank's claim.[8]

Moreover, a bankruptcy discharge could never have affected the bank's right to foreclose on its lien. The effect of a discharge is governed by § 524(a) of the Bankruptcy Code. That section provides that a discharge voids personal judgments against the debtor (§ 524(a)(1)) and operates as an injunction against acts to collect debts "as a personal liability of the debtor" (§ 524(a)(2)), but it does not avoid prepetition liens. Unless the lien of a secured creditor is avoided during the bankruptcy case under another provision of the Code or the claim is fully satisfied, a discharge does not prevent the debtor from seeking an *in rem* recovery against property securing its claim. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."). Redmond has never suggested any basis for avoiding the bank's lien and, in any event, he made no attempt to do so during his bankruptcy case. Accordingly, to the extent that the bank's claim was not satisfied during the bankruptcy case, the bank was entitled to pursue its collateral in a foreclosure proceeding, even if the claim had been subject to discharge.

## 2. *The appropriate forum*

Although Redmond's motion reveals no basis for seeking bankruptcy-related sanctions, he may have other grounds for challenging the bank's mortgage claim; he may even have grounds for challenging the bank's good faith in pursuing its claim. However, these matters are all properly addressed in the state court foreclosure action, another factor weighing against

---

[8] Section 1328(a) provides for a discharge in Chapter 13 only "after completion by the debtor of all payments under the plan." Since Redmond was given a discharge, the parties apparently treated the mortgage as removed from the plan when the automatic stay terminated.

13

reopening. *See In re Elias*, 188 F.3d 1162 (9th Cir. 1999) (affirming a bankruptcy judge's decision against reopening a case to determine a question of entitlement to attorneys' fees because the matter was pending in state court and "the state court [was] fully capable of resolving the fee dispute.").

The underlying dispute between the parties here is the amount of Redmond's debt to the bank, a question of state law. There are no special bankruptcy rules for calculating the amount due under a mortgage subject to cure of defaults in Chapter 13. To the contrary, § 1322(c) of the Bankruptcy Code provides that "if it is proposed in a plan to cure a default, the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable non-bankruptcy law." If a mortgagee has any liability for providing incorrect information in a payoff letter, that too would be a matter of nonbankruptcy law. *See, e.g., J.A.O. Acquisition Corp. v. Stavitsky*, 803 N.Y.S. 2d 527 (N.Y. App. Div. 2005) (considering alleged misstatements in a payoff letter under New York law governing negligent misrepresentation).

Much of Redmond's argument is based on his contention that the Agreed Order determined disputed amounts to which the bank was entitled as of the date of its entry. But as this court noted in connection with ruling on both of Redmond's motions to reopen, the extent to which the order determined amounts now claimed by the bank in the foreclosure proceedings is properly determined by the foreclosure court, not this court. *See Pettibone Corp. v. Easley*, 935 F.2d 120, 123 (7th Cir. 1991) ("Disputes about the effect of a decision in one case on the prosecution of another are for the judge presiding in the second case.")

Finally, to the extent that Redmond believes that the bank has acted in bad faith by deliberately including in its foreclosure action charges that it knows are foreclosed, Illinois rules of procedure provide an ample remedy. *See* Ill. Sup. Ct. Rule 137 (substantially identical to Rule 11, Fed. R. Civ. P.).

14

To render judgment in the foreclosure action, the state court must necessarily determine the amount that Redmond now owes to the bank. *See* 735 ILCS 5/15-1504, 1506 (2006) (required pleadings and form of judgment in judicial foreclosure). All of the issues Redmond can properly raise on that question are properly before that court.

3. *Timeliness*

The timeliness of a motion to reopen is crucial to its consideration. *See, e.g., In re Nylon Net Co.*, 225 B.R. 404, 405 (Bankr. W.D. Tenn. 1998) ("It is well settled that the greater the elapse of time between the closing of the bankruptcy case and the request to reopen, the more compelling the reason for reopening the case should be.") (citing *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991)); *Helms v. Arboleda (In re Arboleda)*, 224 B.R. 640, 644 (Bankr. N.D. Ill. 1998). In considering a motion to reopen for purposes of avoiding a lien (an action that could only take place in the bankruptcy case), the Seventh Circuit held that reopening was properly denied where an eight-month delay in bringing the motion resulted in prejudice to the lienholder. *In re Bianucci*, 4 F.3d 526, 528-29 (7th Cir. 1993).

Redmond's delay in this case dwarfs that in *Bianucci*. He first learned of the bank's position about the balance due on his mortgage through payoff letter he received in March 1998. Within days of receiving those letters, Redmond challenged their accuracy and threatened legal action. However, he did not take action in the bankruptcy court before the balloon payment date, when resolution of the dispute might have facilitated refinancing. Instead, he litigated the matter in a state court foreclosure case for seven years. Only when a trial of that case was about to commence—and after the bank had incurred the fees and expenses involved in bringing the case to that point—did Redmond first seek to reopen his bankruptcy case, by which time the case had been closed for four years, the judge who had presided over the case

15

had retired, and the records of the case had been archived.  Upon rejection of his first motion to reopen, Redmond waited another year before bringing the current one. [9]

The Seventh Circuit has firmly rejected the belief "that anyone who has been a debtor in bankruptcy has eternal access to federal court for all disputes related in some way to the debts handled in the bankruptcy proceeding." *In re Zurn*, 290 F.3d 861, 864 (7th Cir. 2002). Redmond's conduct in this case is another example of that mistaken belief, and another factor weighing heavily against reopening his bankruptcy case.

### Conclusion

For the reasons set forth above, Redmond's motion to reopen this bankruptcy case will again be denied.  A separate order will be entered so providing.

Dated: December 20, 2007

Eugene R. Wedoff
United States Bankruptcy Judge

---

[9] Redmond asserts that he could only file the current motion after he obtained the itemization of the bank's mortgage charges in the foreclosure case. (Sanctions Mot., ¶¶ 4, 11.)  This assertion merely emphasizes Redmond's practice of delay. He received the itemization on June 15, 2005; the current motion was filed on June 12, 2006.

16



**CLOSED, APPEAL**

## U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
## Bankruptcy Petition #: 96-03162
### Internal Use Only

*Assigned to:* Hon. Robert E. Ginsberg
Chapter 13
Voluntary
Asset

*Date Filed:* 02/07/1996
*Date Terminated:*
05/24/2001

**Debtor**
**James A Redmond**
125 Acacia Circle
Indian Head Park, IL 60525
SSN: 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

represented by **David P von Ebers**
2805 Butterfield Rd
Ste 150
Oak Brook, IL 60523
630 928-0040

KC **F I L E D**
FEb 1 5 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**Forrest L Ingram**
Forrest L. Ingram, P.C.
79 W Monroe Street
Suite 1210
Chicago, IL 60603
312 759-2838
Fax : 312 759-0298
Email:
foringpc@aol.com
*TERMINATED:*
*11/08/2007*

08CV961
JUDGE MANNING
MAGISTRATE JUDGE MASON

**Jordan B. Rifis**
Law Offices of Jordan B.
Rifis, P.C.
218 Lake Street
Oak Park, IL 60302
708 386-4900
Email:
jordanlaw1@aol.com

This is to certify that the within and attached
document is a full, true and correct copy of
the original thereof as the same appears on
file in the office of the Clerk of the United
States Bankruptcy Court for the Northern
District of Illinois
KENNETH S. GARDNER
CLERK OF COURT
By
Deputy Clerk
Dated

**Thomas Holstein**
109 West Elm St
Chicago, IL 60610
312-951-7447

*Trustee*
**Constantine C Harvalis**
Office of the United States Trustee
224 S Michigan Ste 800
Chicago, IL 60603
312-431-1300

| Filing Date | # | Docket Text |
|---|---|---|
| 04/12/1995 | 24 | NOTICE [LW] Original NIBS Entry Number: 4 (Entered: 04/12/1996) |
| 04/12/1995 | 25 | MOTION to Object to Confirmation of Chapter 13 Plan by Diana and Harlan Krumpfes hearing on 04/16/1996 at 10:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604 [LW] Original NIBS Entry Number: 4A (Entered: 04/12/1996) |
| 02/07/1996 | 1 | VOLUNTARY petition under chapter 13 [$160 paid] [LD] (Entered: 02/08/1996) |
| 02/07/1996 | 2 | EXHIBIT B to Petition [LD] Original NIBS Entry Number: 1A (Entered: 02/08/1996) |
| 02/07/1996 | 3 | NOTICE to Individual Consumer Debtor [LD] Original NIBS Entry Number: 1B (Entered: 02/08/1996) |
| 02/07/1996 | 4 | CHAPTER 13 Plan [LD] Original NIBS Entry Number: 1C (Entered: 02/08/1996) |
| 02/07/1996 | 5 | SCHEDULES A - J [LD] Original NIBS Entry Number: 1D (Entered: 02/08/1996) |
| 02/07/1996 | 6 | STATEMENT of Financial Affairs [LD] Original NIBS Entry Number: 1E (Entered: 02/08/1996) |
| 02/07/1996 | 7 | ATTORNEY Statement of Compensation [LD] Original NIBS Entry Number: 1F (Entered: 02/08/1996) |
| 02/07/1996 | 8 | AFFIDAVIT Prescribed by General Rule 39 [LD] Original NIBS Entry Number: 1G (Entered: 02/08/1996) |
| 02/07/1996 | 9 | INTAKE Checklist [LD] Original NIBS Entry Number: 1H |

| | | (Entered: 02/08/1996) |
|---|---|---|
| 02/16/1996 | 10 | NOTICE of 341 Meeting Notice, Claims Deadline and Confirmation Hearing with Certificate of Mailing/Service FiledNOTICE of 341 Meeting Notice, Claims Deadline and Confirmation Hearing with Certificate of Mailing/Service Filed 02/16/96NOTICE of 341 Meeting Notice, Claims Deadline and Confirmation Hearing with Certificate of Mailing/Service Filed for confirmation [LD] Original NIBS Entry Number: 2 (Entered: 02/20/1996) |
| 04/11/1996 | 19 | NOTICE of Motion [YP] Original NIBS Entry Number: 3 (Entered: 04/11/1996) |
| 04/11/1996 | 20 | MOTION In Regards to Automatic Stay [modify] by Pinnacle Bank & Trust hearing on 04/16/1996 at 10:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [YP] Original NIBS Entry Number: 3A (Entered: 04/11/1996) |
| 04/11/1996 | 21 | MOTION to Deny Confirmation by Pinnacle Bank & Trust hearing on 04/16/1996 at 10:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604 [YP] Original NIBS Entry Number: 3B (Entered: 04/11/1996) |
| 04/11/1996 | 22 | MOTION to Dismiss by Pinnacle Bank & Trust hearing on 04/16/1996 at 10:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [YP] Original NIBS Entry Number: 3C (Entered: 04/11/1996) |
| 04/11/1996 | 23 | STATEMENT of Default Motion to Modify Stay/Dismiss [YP] Original NIBS Entry Number: 3D (Entered: 04/11/1996) |
| 04/12/1996 | 33 | AFFIDAVIT Prescribed by General Rule 39AFFIDAVIT Prescribed by General Rule 39 By Robert M Skitt For Harlan And Diana Krumpfes [MM] Original NIBS Entry Number: 5 (Entered: 04/15/1996) |
| 04/12/1996 | 34 | APPEARANCE By Robert M Skitt For Harlan And Diana Krumpfes [MM] Original NIBS Entry Number: 6 |

| | | |
|---|---|---|
| | | (Entered: 04/15/1996) |
| 04/16/1996 | 11 | HEARING Continued on Confirmation of Plan to 4/23/96, 5/7/96, 6/18/96, 7/9/96 and hearing on 08/13/1996 at 10:30 a.m. RE: Item# 10[Rescheduled] [MJ] Original NIBS Entry Number: 2A (Entered: 07/17/1996) |
| 04/16/1996 | 35 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - entered and continued hearing on 04/23/1996 at 10:30 a.m. RE: Item# 25 [MM] Original NIBS Entry Number: 7 (Entered: 04/18/1996) |
| 04/16/1996 | 38 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - entered and continued Re: Item #3A - #3C hearing on 04/23/1996 at 10:30 a.m. [MM] Original NIBS Entry Number: 8 (Entered: 04/18/1996) |
| 04/16/1996 | 39 | ORDER In Regards to Automatic Stay - modified as to property known as 125 Acacia Circle, Indian Head Park, IL effective April 23, 1996 [DISPOSED] RE: Item# 20 [MM] Original NIBS Entry Number: 9 (Entered: 04/23/1996) |
| 04/30/1996 | 40 | NOTICE of Motion [MM] Original NIBS Entry Number: 10 (Entered: 04/30/1996) |
| 04/30/1996 | 41 | OBJECTION to Claim By Debtors Attorneys hearing on 05/07/1996 at 9:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604 [MM] Original NIBS Entry Number: 10A (Entered: 04/30/1996) |
| 04/30/1996 | 42 | NOTICE of Motion [MM] Original NIBS Entry Number: 11 (Entered: 04/30/1996) |
| 04/30/1996 | 43 | MOTION to Vacate Order By Debtors Attorneys hearing on 05/07/1996 at 9:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [MM] Original NIBS Entry Number: 11A (Entered: 04/30/1996) |
| 05/01/1996 | 44 | NOTICE [GR] Original NIBS Entry Number: 12 (Entered: 05/01/1996) |
| | | |

| | | |
|---|---|---|
| 05/01/1996 | 45 | MOTION In Regards to Automatic Stay [Relief] filed by creditors, Diana and Harlan Krumpfes hearing on 05/07/1996 at 10:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [GR] Original NIBS Entry Number: 12A (Entered: 05/01/1996) |
| 05/07/1996 | 46 | AMENDMENT to Schedule B [MJ] Original NIBS Entry Number: 13 (Entered: 05/08/1996) |
| 05/07/1996 | 47 | STATEMENT of Financial Affairs [Amended] [MJ] Original NIBS Entry Number: 13A (Entered: 05/08/1996) |
| 05/07/1996 | 48 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - entered and continued hearing on 06/18/1996 at 11:30 a.m. RE: Item# 41 [MJ] Original NIBS Entry Number: 14 (Entered: 05/08/1996) |
| 05/07/1996 | 49 | RECEIPT No. 7324 [$60 Motion] [AC] Original NIBS Entry Number: 15 (Entered: 05/08/1996) |
| 05/07/1996 | 50 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - entered and continued hearing on 06/18/1996 at 11:30 a.m. RE: Item# 43 [DS] Original NIBS Entry Number: 16 (Entered: 05/08/1996) |
| 05/07/1996 | 51 | ADVERSARY PROCEEDING FILED NO. 96A577, Complaint to Determine Validity, Priority, or Extent of a lien or Other Interest in Profit [MJ] Original NIBS Entry Number: 17 (Entered: 05/13/1996) |
| 05/07/1996 | 52 | ORDER GRANTED [draft Order To Follow] in 7 days or denied [per minute order] RE: Item# 45 [MM] Original NIBS Entry Number: 18 (Entered: 05/16/1996) |
| 05/07/1996 | 53 | ORDER In Regards to Automatic Stay - modified as to real estate at 125 Acacia Drive, Indian Head Park, IL RE: Item# 45 [MM] Original NIBS Entry Number: 19 (Entered: 05/16/1996) |
| 05/23/1996 | 36 | HEARING Continued on 6/18/96, 7/9/96 and hearing on 08/13/1996 at 10:30 a.m. RE: Item# 35 [Rescheduled] [AM] Original NIBS Entry Number: 7A |

| | | |
|---|---|---|
| | | (Entered: 07/17/1996) |
| 06/18/1996 | 54 | ORDER stay is reinstated as to Pinnacle Bank RE: Item# 43 [DS] Original NIBS Entry Number: 20 (Entered: 07/02/1996) |
| 06/18/1996 | 55 | ORDER in the event the Debtor fails to comply, stay will be modified SEE DRAFT ORDER FOR FURTHER PARTICULARS RE: Item# 20 [DS] Original NIBS Entry Number: 20A (Entered: 07/02/1996) |
| 08/13/1996 | 12 | ADJOURNED Hearing Continued ADJOURNED Hearing Continued postponed to 10/08/1996 at 11:30 a.m. RE: Item# 11 [MM] Original NIBS Entry Number: 2B (Entered: 08/14/1996) |
| 08/13/1996 | 37 | ADJOURNED Hearing Continued ADJOURNED Hearing Continued postponed to 10/08/1996 at 11:30 a.m. RE: Item# 36 [MM] Original NIBS Entry Number: 7B (Entered: 08/14/1996) |
| 10/03/1996 | 56 | NOTICE of Motion [MC] Original NIBS Entry Number: 21 (Entered: 10/03/1996) |
| 10/03/1996 | 57 | MOTION In Regards to Automatic Stay [LIFT] by Michael A. Cotteleer hearing on 10/08/1996 at 9:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [MC] Original NIBS Entry Number: 21A (Entered: 10/03/1996) |
| 10/08/1996 | 13 | HEARING Continued hearing on 10/29/1996 at 11:00 a.m. RE: Item# 12 [LA] Original NIBS Entry Number: 2C (Entered: 10/08/1996) |
| 10/08/1996 | 26 | HEARING Continued hearing on 10/29/1996 at 11:00 a.m. RE: Item# 25 [LA] Original NIBS Entry Number: 4B (Entered: 10/08/1996) |
| 10/08/1996 | 58 | ORDER In Regards to Automatic Stay - Lifted in re of case per Minute Order RE: Item# 57 [MJ] Original NIBS Entry Number: 22 (Entered: 10/09/1996) |
| 10/29/1996 | 14 | HEARING Continued hearing on 11/26/1996 at 11:30 |

| | | |
|---|---|---|
| | | a.m. RE: Item# 13 [LA] Original NIBS Entry Number: 2D (Entered: 10/29/1996) |
| 10/29/1996 | 27 | HEARING Continued hearing on 11/26/1996 at 11:30 a.m. RE: Item# 26 [LA] Original NIBS Entry Number: 4C (Entered: 10/29/1996) |
| 10/29/1996 | 63 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - Plan Confirmation Hearing Entered and Continued hearing on 11/26/1996 at 11:30 a.m. [MM] Original NIBS Entry Number: 24 (Entered: 11/01/1996) |
| 10/31/1996 | 59 | NOTICE of Motion [LB] Original NIBS Entry Number: 23 (Entered: 10/31/1996) |
| 10/31/1996 | 60 | MOTION In Regards to Automatic Stay [Modify] by Pinnacle Bank & Trust hearing on 11/12/1996 at 9:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [LB] Original NIBS Entry Number: 23A (Entered: 10/31/1996) |
| 10/31/1996 | 61 | MOTION For Adequate Protection Payments by Pinnacle Bank & Trust hearing on 11/12/1996 at 9:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [LB] Original NIBS Entry Number: 23B (Entered: 10/31/1996) |
| 10/31/1996 | 62 | STATEMENT of Default Motion to Modify Stay/Dismiss [LB] Original NIBS Entry Number: 23C (Entered: 10/31/1996) |
| 11/14/1996 | 64 | NOTICE of Filing [MM] Original NIBS Entry Number: 25 (Entered: 11/15/1996) |
| 11/14/1996 | 65 | CHAPTER 13 Plan [42 months] [First Amended] [MM] Original NIBS Entry Number: 25A (Entered: 11/15/1996) |
| 11/14/1996 | 66 | AMENDMENT to Schedule I [MM] Original NIBS Entry Number: 25B (Entered: 11/15/1996) |
| 11/15/1996 | 67 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - Entered and Continued Re: Item #23A And hearing on 11/26/1996 at 11:30 a.m. RE: Item# 61 [MM] Original |

| | | |
|---|---|---|
| | | NIBS Entry Number: 26 (Entered: 11/18/1996) |
| 11/18/1996 | 68 | ORDER Hearing Objection Of Diana Harlan Krumpfes To Chapter 13 Plan And Request To Dismiss hearing on 11/26/1996 at 11:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604 [MM] Original NIBS Entry Number: 27 (Entered: 11/20/1996) |
| 11/26/1996 | 15 | HEARING Continued hearing on 01/21/1997 at 11:30 a.m. RE: Item# 14 [LA] Original NIBS Entry Number: 2E (Entered: 01/08/1997) |
| 11/26/1996 | 28 | HEARING Continued hearing on 01/21/1997 at 11:30 a.m. RE: Item# 27 [LA] Original NIBS Entry Number: 4D (Entered: 01/08/1997) |
| 11/26/1996 | 69 | ORDER - the motion of Pinnacle Bank and Trust be Sustained instanter RE: Item# 60 [MM] Original NIBS Entry Number: 28 (Entered: 12/09/1996) |
| 11/26/1996 | 70 | ORDER - The trustee is directed to begaln making adequate protection payments in the amount of $360 per month RE: Item# 61 [MM] Original NIBS Entry Number: 28A (Entered: 12/09/1996) |
| 11/26/1996 | 71 | ORDER Hearing continued hearing on 01/27/1997 at 11:00 a.m. RE: Item# 61 [MM] Original NIBS Entry Number: 28B (Entered: 12/09/1996) |
| 01/17/1997 | 72 | NOTICE of Motion [LH] Original NIBS Entry Number: 29 (Entered: 01/17/1997) |
| 01/17/1997 | 73 | APPLICATION for Attorney's Fees for allowance of compensation and reimbursement by debtor's attorney hearing on 01/21/1997 at 11:00 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604 [Disposed] [LH] Original NIBS Entry Number: 29A (Entered: 01/17/1997) |
| 01/21/1997 | 16 | HEARING Continued hearing on 02/18/1997 at 10:30 a.m. RE: Item# 15 [LA] Original NIBS Entry Number: 2F (Entered: 01/21/1997) |
| 01/21/1997 | 29 | HEARING Continued hearing on 02/18/1997 at 10:30 |

| | | |
|---|---|---|
| | | a.m. RE: Item# 28 [LA] Original NIBS Entry Number: 4E (Entered: 01/21/1997) |
| 01/21/1997 | 74 | ORDER DENIED without prejudice [per minute order] RE: Item# 73 [CJ] Original NIBS Entry Number: 30 (Entered: 01/23/1997) |
| 02/13/1997 | 75 | NOTICE of Motion [MJ] Original NIBS Entry Number: 31 (Entered: 02/14/1997) |
| 02/13/1997 | 76 | APPLICATION for Allowance of Compensation and Expense by David A Mucklow hearing on 02/18/1997 at 10:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [MJ] Original NIBS Entry Number: 31A (Entered: 02/14/1997) |
| 02/18/1997 | 30 | HEARING Continued hearing on 03/25/1997 at 10:30 a.m. RE: Item# 29 [LA] Original NIBS Entry Number: 4F (Entered: 02/19/1997) |
| 02/18/1997 | 81 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - entered and continued hearing on 03/25/1997 at 10:30 a.m. RE: Item# 76 [MM] Original NIBS Entry Number: 32 (Entered: 02/19/1997) |
| 02/18/1997 | 82 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - Plan Confirmation Hearing entered and continued hearing on 03/25/1997 at 10:30 a.m. [DS] Original NIBS Entry Number: 33 (Entered: 02/21/1997) |
| 03/25/1997 | 17 | HEARING Continued hearing on 04/29/1997 at 10:30 a.m. [LA] Original NIBS Entry Number: 2H (Entered: 03/25/1997) |
| 03/25/1997 | 31 | HEARING Continued hearing on 04/29/1997 at 10:30 a.m. RE: Item# 30 [LA] Original NIBS Entry Number: 4G (Entered: 03/25/1997) |
| 03/25/1997 | 77 | HEARING Continued hearing on 04/29/1997 at 10:30 a.m. RE: Item# 76 [LA] Original NIBS Entry Number: 31B (Entered: 03/25/1997) |
| 03/25/1997 | 83 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - Plan Confirmation Entered And Continued hearing on |

| | | |
|---|---|---|
| | | 04/29/1997 at 10:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604 [MM] Original NIBS Entry Number: 34 (Entered: 03/26/1997) |
| 04/29/1997 | 32 | HEARING Continued hearing on 05/20/1997 at 10:30 a.m. RE: Item# 31 [LA] Original NIBS Entry Number: 4H (Entered: 04/29/1997) |
| 04/29/1997 | 78 | HEARING Continued hearing on 05/20/1997 at 10:30 a.m. RE: Item# 77 [LA] Original NIBS Entry Number: 31C (Entered: 04/29/1997) |
| 04/29/1997 | 84 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - Plan Confirmation Hearing Entered And Continued hearing on 05/20/1997 at 10:30 a.m. [MM] Original NIBS Entry Number: 35 (Entered: 05/08/1997) |
| 05/20/1997 | 18 | HEARING Continued hearing on 05/27/1997 at 10:30 a.m. RE: Item# 17 [LA] Original NIBS Entry Number: 2I (Entered: 05/21/1997) |
| 05/20/1997 | 79 | HEARING Continued hearing on 05/27/1997 at 10:30 a.m. RE: Item# 78 [LA] Original NIBS Entry Number: 31D (Entered: 05/21/1997) |
| 05/20/1997 | 85 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - Plan Confirmation Hearing Entered And Continued hearing on 05/27/1997 at 10:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604 [MM] Original NIBS Entry Number: 36 (Entered: 05/22/1997) |
| 05/27/1997 | 80 | HEARING Continued hearing on 06/03/1997 at 10:30 a.m. RE: Item# 79 [LA] Original NIBS Entry Number: 31E (Entered: 05/27/1997) |
| 05/27/1997 | 86 | MINUTE ORDER - MINUTE ORDER -MINUTE ORDER - Plan Confirmation entered and continued hearing on 06/03/1997 at 10:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604 [MM] Original NIBS Entry Number: 37 (Entered: 05/28/1997) |
| 06/03/1997 | 87 | ORDER DENIED without prejudice [per minute order] RE: Item# 76 [MM] Original NIBS Entry Number: 38 |

| | | (Entered: 06/12/1997) |
|---|---|---|
| 06/03/1997 | 88 | ORDER Confirming Plan [48 months] [MM] Original NIBS Entry Number: 39 (Entered: 06/12/1997) |
| 07/08/1997 | 89 | NOTICE of Motion [AM] Original NIBS Entry Number: 40 (Entered: 07/08/1997) |
| 07/08/1997 | 90 | APPLICATION for Allowance of Compensation and Expense by Debtor's Attorney hearing on 07/15/1997 at 9:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [AM] Original NIBS Entry Number: 40A (Entered: 07/08/1997) |
| 07/10/1997 | 91 | NOTICE of Motion [JA] Original NIBS Entry Number: 41 (Entered: 07/10/1997) |
| 07/10/1997 | 92 | MOTION to Correct Confirmation Order by Trustee hearing on 07/15/1997 at 9:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604 [JA] Original NIBS Entry Number: 41A (Entered: 07/10/1997) |
| 07/15/1997 | 93 | ORDER Confirming Plan [Amended] for 42 months RE: Item# 92 [MW] Original NIBS Entry Number: 42 (Entered: 07/17/1997) |
| 07/15/1997 | 94 | ORDER In Regards to Professional Fees - $5000 allowed RE: Item# 90 [MW] Original NIBS Entry Number: 43 (Entered: 07/17/1997) |
| 09/12/1997 | 95 | NOTICE of Motion [Routine] [MJ] Original NIBS Entry Number: 44 (Entered: 09/12/1997) |
| 09/12/1997 | 96 | MOTION to Substitute Attorneys by Debtor hearing on 09/16/1997 at 9:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [MJ] Original NIBS Entry Number: 44A (Entered: 09/12/1997) |
| 09/16/1997 | 97 | ORDER - the office of Thomas Holstein & Associates is substituted as attorney of record in this case RE: Item# 96 [MM] Original NIBS Entry Number: 45 (Entered: 09/17/1997) |

| 09/16/1997 | 98 | ORDER WITHDRAWING the appearance of David A Mucklow RE: Item# 96 [MM] Original NIBS Entry Number: 45A (Entered: 09/17/1997) |
| 10/31/1997 | 99 | NOTICE of Motion [MM] Original NIBS Entry Number: 46 (Entered: 10/31/1997) |
| 10/31/1997 | 100 | MOTION To Withdraw As Attorney Of Record By Thomas Holstein hearing on 11/18/1997 at 9:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [MM] Original NIBS Entry Number: 46A (Entered: 10/31/1997) |
| 11/18/1997 | 101 | ORDER WITHDRAWING appearance of Thomas Holstein RE: Item# 100 [MM] Original NIBS Entry Number: 47 (Entered: 11/20/1997) |
| 05/03/1999 | 102 | TRUSTEE'S Final Report and Account [DF] Original NIBS Entry Number: 48 (Entered: 05/05/1999) |
| 05/04/1999 | 103 | DISCHARGE of Debtor and Trustee [DF] Original NIBS Entry Number: 49 (Entered: 05/05/1999) |
| 06/02/1999 | 104 | CERTIFICATE of Mailing on Discharge of Debtor under Chapter 13 [DI] Original NIBS Entry Number: 50 (Entered: 06/03/1999) |
| 07/23/1999 | 105 | LETTER from the U.S. Trustee reassigning all pending cases from Trustee Jack McCullough to Trustee Elaine C Jensen [RLK] Original NIBS Entry Number: 51 (Entered: 07/31/1999) |
| 08/09/1999 | 106 | NOTICE of Motion [DF] MOTION to Avoid Judicial Lien of Michael A Cotteleer by Debtor and for sanctions hearing on 09/28/1999 at 9:30 a.m. at 219 South Dearborn, Courtroom 644, Chicago, IL 60604[Disposed] [DI] Original NIBS Entry Number: 52 (Entered: 08/09/1999) |
| 09/28/1999 | 107 | ORDER Avoiding Judicial Lien of Michael A Cotteler RE: Item# 106 [DI] Original NIBS Entry Number: 53 (Entered: 09/30/1999) |
| 09/28/1999 | 108 | ORDER WITHDRAWING Motion for sanctions. For |

| | | |
|---|---|---|
| | | reasons stated in open court RE: Item# 106 [DI] Original NIBS Entry Number: 54 (Entered: 09/30/1999) |
| 03/15/2001 | 109 | LETTER from the U.S. Trustee reassigning all pending cases from Trustee Elaine Jensen to Trustee Constantine C Harvalis [RLK] Original NIBS Entry Number: 55 (Entered: 03/16/2001) |
| 05/24/2001 | 110 | ORDER CLOSING CASE AND DISCHARGING TRUSTEE [DI] Original NIBS Entry Number: 56 (Entered: 05/24/2001) |
| 06/30/2005 | 111 | Notice of Motion and Motion for Leave to File Motion to Enforce Debtor's Chapter 13 Plan and This Court's Agreed Order of 6/25/1999, and Motion to Reopen Chapter 13 Case - to Stay Pending State Court Action. Fee Amount $155 Filed by David P von Ebers on behalf of James A Redmond . Hearing scheduled for 7/12/2005 at 09:30 AM at 219 South Dearborn, Courtroom 744, Chicago, Illinois 60604. (Attachments: # 1 Exhibit # 2 Proposed Order) (Smith, Dianna) (Entered: 07/01/2005) |
| 06/30/2005 | 112 | Appearance Filed by David P von Ebers on behalf of James A Redmond . (Smith, Dianna) (Entered: 07/01/2005) |
| 07/12/2005 | 113 | Order Denying Motion To Reopen Chapter 13 Case (Related Doc # 111). Signed on 7/12/2005. (Smith, Dianna) (Entered: 07/13/2005) |
| 07/19/2005 | | Motions terminated. (RE: 111 Motion for Leave, , Motion to Reopen Chapter 13 Case, ). (Smith, Dianna) (Entered: 07/19/2005) |
| 06/12/2006 | 114 | Notice of Motion and Motion to Reopen Chapter 13 Case to To bring sanctions against Pinnacle for violating the automatic stay and this Court's order of July, 18, 1996. Fee Amount $150 Filed by Forrest L Ingram on behalf of James A Redmond. Hearing scheduled for 6/29/2006 at 09:00 AM at 219 South Dearborn, Courtroom 742, Chicago, Illinois 60604. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Proposed |

| | | |
|---|---|---|
| | | Order) (Ingram, Forrest) (Entered: 06/12/2006) |
| 06/12/2006 | 115 | Receipt of Motion to Reopen Chapter 13 Case(96-03162) [motion,mreop13] ( 150.00) Filing Fee. Receipt number 5649643. Fee Amount $ 150.00 (U.S. Treasury) (Entered: 06/12/2006) |
| 06/29/2006 | ❶116 | Order Denying Motion To Reopen Chapter 13 Case (Related Doc # 114). Signed on 6/29/2006. (Roman, Felipe) (Entered: 06/30/2006) |
| 07/10/2006 | ❶117 | Notice of Appeal Filed by Forrest L Ingram on behalf of James A Redmond. Fee Amount $255 (RE: 116 Order on Motion to Reopen Chapter 13 Case). Appellant Designation due by 7/20/2006. Transmission of Record Due by 8/21/2006. (Ingram, Forrest) (Entered: 07/10/2006) |
| 07/10/2006 | 118 | Receipt of Notice of Appeal(96-03162) [appeal,ntcapl] ( 255.00) Filing Fee. Receipt number 5745014. Fee Amount $ 255.00 (U.S. Treasury) (Entered: 07/10/2006) |
| 07/11/2006 | ❶119 | Notice of Filing to Bk Judge and Parties on Service List (RE: 117 Notice of Appeal). (Rance, Gwendolyn) (Entered: 07/11/2006) |
| 07/14/2006 | ❶120 | Request for Transcript re: Appeal Filed by Forrest L Ingram on behalf of James A Redmond.. Transcript Due by 8/8/2006. (Ingram, Forrest) (Entered: 07/14/2006) |
| 07/20/2006 | ❶121 | Statement of Issues on Appeal Filed by Forrest L Ingram on behalf of James A Redmond. (RE: 117 Notice of Appeal). (Ingram, Forrest) (Entered: 07/20/2006) |
| 07/20/2006 | ❶122 | Notice of Filing Filed by Forrest L Ingram on behalf of James A Redmond (RE: 121 Statement of Issues on Appeal). (Ingram, Forrest) (Entered: 07/20/2006) |
| 07/20/2006 | ❶123 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Forrest L Ingram on behalf of James A Redmond. (RE: 117 Notice of Appeal). |

| | | (Ingram, Forrest) (Entered: 07/20/2006) |
|---|---|---|
| 07/20/2006 | ●124 | Notice of Filing Filed by Forrest L Ingram on behalf of James A Redmond (RE: 123 Appellant Designation). (Ingram, Forrest) (Entered: 07/20/2006) |
| 07/24/2006 | ●125 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Forrest L Ingram on behalf of James A Redmond. (RE: 123 Appellant Designation). (Ingram, Forrest) (Entered: 07/24/2006) |
| 07/24/2006 | ●126 | Amended Notice of Filing Filed by Forrest L Ingram on behalf of James A Redmond (RE: 125 Appellant Designation). (Ingram, Forrest) (Entered: 07/24/2006) |
| 08/07/2006 | ●127 | Follow Up Letter to Bankruptcy Judge and Parties (RE: 117 Notice of Appeal). (Rance, Gwendolyn) (Entered: 08/07/2006) |
| 08/21/2006 | ●128 | Transmittal of Record to The U.S. District Court. Civil Case Number: 06 C 4503 Assigned to District Court Judge: Manning (RE: 117 Notice of Appeal). (Rance, Gwendolyn) (Entered: 08/21/2006) |
| 09/15/2006 | ●129 | Appearance for James Lai Filed by Forrest L Ingram on behalf of James A Redmond. (Ingram, Forrest) (Entered: 09/15/2006) |
| 10/05/2006 | ●130 | Certified Order By District Court Judge Blanche M. Manning, Re: Appeal on Civil Action Number: 06 C 4503, Dated 9/14/2006. On August 29, 2006, the court issued an order noting that the record in this bankruptcy appeal was entered on the docket on 8/22/06. It also reminded counsel that briefing would proceed in accordance wth Rule 8009 of the Bankruptcy Rules, which requires the appellant to file his brief fifteen days after the entry of the appeal on the docket. In addition, the court warned the appellant that if he failed to file a timely brief, the court would dismiss his appeal for want of prosecution. The appellant has failed to file a brief within the time prescribed by Rule 8009. Accordingly, this appeal is hereby dismissed for want of prosecution. The clerk is directed to terminate this case from the court's docket. |

| | | (RE: 117 Notice of Appeal). Signed on 10/5/2006 (Rance, Gwendolyn) (Entered: 10/11/2006) |
|---|---|---|
| 07/20/2007 | ●131 | Certified Order By District Court Judge , Re: Appeal on Civil Action Number: 06 C 4503, Dated 7/13/2007. The Court finds that the bankruptcy court abused its discretion in denying Redmond's motion to reopen and therefore remands the case for proceedings consistent with this order. (RE: 117 Notice of Appeal). Signed on 7/20/2007 (Rance, Gwendolyn) (Entered: 07/25/2007) |
| 08/20/2007 | | Reopen Document (RE: 114 Motion to Reopen Chapter 13 Case, ). (Williams, Velda) (Entered: 08/20/2007) |
| 08/20/2007 | ●132 | Hearing Set (RE: 114 Motion to Reopen Chapter 13 Case, ). Hearing scheduled for 11/8/2007 at 10:00 AM at 219 South Dearborn, Courtroom 744, Chicago, Illinois 60604. (Williams, Velda) (Entered: 08/20/2007) |
| 08/20/2007 | ●133 | Order and Notice (RE: 114 Motion to Reopen Chapter 13 Case, ). Hearing scheduled for 11/8/2007 at 10:00 AM at 219 South Dearborn, Courtroom 744, Chicago, Illinois 60604. Signed on 8/20/2007 (Roman, Felipe) (Entered: 08/21/2007) |
| 08/21/2007 | ●134 | BNC Certificate of Service - Hearing. (RE: 133 Order and Notice). No. of Notices: 6. Service Date 08/23/2007. (Admin.) (Entered: 08/24/2007) |
| 09/14/2007 | ●135 | Notice of Motion and Motion to Withdraw as Attorney Filed by Forrest L Ingram on behalf of James A Redmond. Hearing scheduled for 10/11/2007 at 09:00 AM at 219 South Dearborn, Courtroom 744, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order Proposed order) (Ingram, Forrest) (Entered: 09/14/2007) |
| 09/17/2007 | ●136 | Amended Notice Filed by Forrest L Ingram on behalf of James A Redmond (RE: 135 Motion to Withdraw as Attorney, ). (Ingram, Forrest) (Entered: 09/17/2007) |
| 11/06/2007 | ●137 | Hearing Continued (RE: 114 Reopen Chapter 13 Case). Hearing Scheduled for 11/29/2007 at 10:00 AM at |

| | | |
|---|---|---|
| | | Courtroom 744 219 South Dearborn, Chicago, IL, 60604. (Castaneda,Peter) (Entered: 11/06/2007) |
| 11/08/2007 | ●138 | Order Granting Motion To Withdraw As Attorney (Related Doc # 135). Signed on 11/8/2007. (Roman, Felipe) (Entered: 11/09/2007) |
| 11/29/2007 | ●139 | Hearing Continued (RE: 114 Reopen Chapter 13 Case). Hearing Scheduled for 12/13/2007 at 10:00 AM at Courtroom 744 219 South Dearborn, Chicago, IL, 60604. (Castaneda,Peter) (Entered: 11/29/2007) |
| 12/13/2007 | ●140 | Hearing Continued (RE: 114 Reopen Chapter 13 Case). Hearing Scheduled for 12/20/2007 at 10:00 AM at Courtroom 744 219 South Dearborn, Chicago, IL, 60604. (Castaneda,Peter) (Entered: 12/13/2007) |
| 12/20/2007 | ●141 | Memorandum Opinion . (Rance, Gwendolyn) (Entered: 12/20/2007) |
| 12/20/2007 | ●142 | Order Denying for the Reasons Stated on the Record Motion To Reopen Chapter 13 Case (Related Doc # 114). Signed on 12/20/2007. (Roman, Felipe) (Entered: 12/20/2007) |
| 01/02/2008 | ●143 | Notice of Appeal to District Court. Filed by Jordan B. Rifis on behalf of James A Redmond. Fee Amount $255 (RE: 142 Order on Motion to Reopen Chapter 13 Case). Appellant Designation due by 1/14/2008. Transmission of Record Due by 2/11/2008. (Rifis, Jordan) (Entered: 01/02/2008) |
| 01/02/2008 | 144 | Receipt of Notice of Appeal(96-03162) [appeal,ntcapl] ( 255.00) Filing Fee. Receipt number 8097876. Fee Amount $ 255.00 (U.S. Treasury) (Entered: 01/02/2008) |
| 01/02/2008 | ●145 | Appearance Filed by Jordan B. Rifis on behalf of James A Redmond. (Rifis, Jordan) (Entered: 01/02/2008) |
| 01/14/2008 | ●146 | Statement of Issues on Appeal Filed by Jordan B. Rifis on behalf of James A Redmond. (RE: 143 Notice of Appeal, ). (Rifis, Jordan) (Entered: 01/14/2008) |
| | | |

| 01/14/2008 | ❶147 | Notice of Filing Notice of Filing of Debtor's Statement of Issues on Appeal Filed by Jordan B. Rifis on behalf of James A Redmond (RE: 146 Statement of Issues on Appeal). (Rifis, Jordan) (Entered: 01/14/2008) |
|---|---|---|
| 01/14/2008 | ❶148 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Jordan B. Rifis on behalf of James A Redmond. (RE: 143 Notice of Appeal, ). (Rifis, Jordan) (Entered: 01/14/2008) |
| 01/14/2008 | ❶149 | Notice of Filing Designation of Contents of Record on Appeal Filed by Jordan B. Rifis on behalf of James A Redmond (RE: 148 Appellant Designation). (Rifis, Jordan) (Entered: 01/14/2008) |
| 01/18/2008 | ❶150 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Edward J. Lesniak on behalf of Fifth Third Bank. (RE: 143 Notice of Appeal, ). (Lesniak, Edward) (Entered: 01/18/2008) |
| 01/23/2008 | ❶151 | Follow Up Letter to Bankruptcy Judge and Parties (RE: 143 Notice of Appeal, ). (Rance, Gwendolyn) (Entered: 01/23/2008) |

# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS

219 S Dearborn

Chicago, IL 60604

Kenneth S. Gardner, Bankruptcy Clerk

To:

Jordan B. Rifis

| | |
|---|---|
| Date | January 23, 2008 |
| Case Number | 96 B 3162 |
| Case Name | James A. Redmond |
| Bankruptcy Judge | Eugene R. Wedoff |
| Notice of Appeal/Cross Appeal Filed | 1/2/08 |
| Appellant/Cross Appellant | |
| Designation Due Date | |
| Date of Telephone Contact | |

Dear Sir/Madam:

Pursuant to our phone conversation, please be advised, the Bankruptcy Court has received your **Notice of Appeal**.

☐ Designation of the Record on Appeal, Statement of Issues, and Record*

*The period provided by Bankruptcy Rule 8006 has elapsed and the Notice of Appeal will be transmitted to the District Court on: **February 11, 2008**

☐ The filing fee of $255 must be paid.

☐ Request For Copying Service

☑ Other    the contents of the record on appeal is due

cc:    Bankruptcy Judge & Attorney of Record

**APPEAL TO THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FROM THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES A. REDMOND, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | Case No. 96 B 03162 |
| JAMES A. REDMOND, | ) | |
| | ) | Chapter 13 |
| Appellant, | ) | |
| | ) | Hon. Eugene Wedoff, Judge Presiding |
| v. | ) | |
| | ) | |
| FIFTH THIRD BANK, f/k/a | ) | |
| PINNACLE BANK, | ) | |
| | ) | |
| Appellee. | ) | |

**DEBTOR'S RULE 8006 DESIGNATION OF**
**THE CONTENT OF THE RECORD ON APPEAL**

Debtor, JAMES A. REDMOND, by his attorneys, David P. von Ebers and Jordan B. Rifis, for his Designation of the Content of the Record on Appeal pursuant to Fed. R. Bankr. P. 8006, stats as follows:

The record on appeal in this case shall consist of the following documents:

1.      Docket No. 142, the Bankruptcy Court's Order Denying for the Reasons Stated on the Record Debtor's Motion to Reopen Chapter 13 Case, entered December 20, 2007;

2.      Docket No. 131, Certified Order by District Court Judge, Re: Appeal on Civil Action Number: 06 C 4503, dated July 13, 2007, reversing and remanding the Bankruptcy Court's Order of June 29, 2006, denying Debtor's Motion to Reopen and for Leave to File Motion for Sanctions Against Fifth Third Bank, entered July 25, 2007;

3.      Docket No. 116, the Bankruptcy Court's Order Denying Motion to Reopen Chapter 13 Case, entered June 30, 2006;

4.    Docket No. 114, the Notice of Debtor's Motion to Reopen Case and for Leave to File Motion for Sanctions Against Fifth Third Bank;

5.    Docket No. 114, the Certificate of Service of Debtor's Motion to Reopen Case and for Leave to File Motion for Sanctions Against Fifth Third Bank;

6.    Docket No. 114, the Notice of Electronic Filing of Debtor's Motion to Reopen Case and for Leave to File Motion for Sanctions Against Fifth Third Bank;

7.    Docket No. 114, the Service List for Debtor's Motion to Reopen Case and for Leave to File Motion for Sanctions Against Fifth Third Bank;

8.    Docket No. 114, Debtor's Motion to Reopen Case and for Leave to File Motion for Sanctions Against Fifth Third Bank, including the following Exhibits:

a.    Exhibit A, Debtor's Motion for Sanctions Against Fifth Third Bank for Violating the Automatic Stay, Violating the Court's Order of July 18, 1996, and the Permanent Injunction Under Sections 524 and 1328, including the following Exhibits:

a-1.    Exhibit 1, Pinnacle Bank's Proof of Claim;

a-2.    Exhibit 2, the Bankruptcy Court's Agreed Order entered June 18, 1996;

a-3.    Exhibit 3, a Certified Copy of the Docket in this case;

a-4.    Exhibit 4, a true and correct copy of Debtor's Discharge in this case;

a-5.    Exhibit 5, a payoff statement from the Chapter 13 Trustee in this case;

a-6.    Exhibit 6, a true and correct copy of Debtor's February 24, 1998 letter to Pinnacle Bank's attorney, Mark Grochocinski;

a-7.    Exhibit 7, a true and correct copy of Debtor's March 2, 1998 letter to Pinnacle Bank's attorney, Mark Grochocinski;

a-8.    Exhibit 8, a true and correct copy of Pinnacle Bank's March 3, 1998 payoff letter to Debtor;

a-9.    Exhibit 9, a true and correct copy of Pinnacle Bank's March 19, 1998 payoff letter to Debtor;

a-10.    Exhibit 10, a true and correct copy of Debtor's April 23, 1998 letter to Pinnacle Bank's attorney, Mark Grochocinski;

2

a-11.   Exhibit 11, a true and correct copy of Pinnacle Bank's Memorandum of Law in Opposition to Debtor's Motion to Strike Trial Date, filed in the Circuit Court of Cook County, Illinois;

a-12.   Exhibit 12, a true and correct copy of Mark Grochocinski's March 19, 1998 letter to Charles Hilbrich of Pinnacle Bank;

a-13.   Exhibit 13, a true and correct copy of Mark Grochocinski's time records;

a-14.   Exhibit 14, a table captioned "Grochocinski & Grochocinski billings from June 18, 1996 to March 19, 1998"; and

a-15.   Exhibit 15, a true and correct copy of Mark Grochocinski's April 3, 1998 letter to Debtor;

b.   Exhibit B, the Transcript of Proceedings Before the Honorable Eugene R. Wedoff on July 12, 2005 at 9:30 a.m.;

9.   A Transcript of the Proceedings Before the Honorable Eugene R. Wedoff on June 29, 2006;

10.   Docket No. 113, the Bankruptcy Court's Order on Debtor's Motion to Reopen Chapter 13 Case, entered July 13, 2005;

11.   Docket No. 111, Debtor's Motion for Leave filed on June 30, 2005;

12.   Docket No. 111, Debtor's Motion to Reopen Chapter 13 Case filed on June 30, 2005;

13.   Docket No. 110, Order Closing Case;

14.   Docket No. 103, Discharge of Debtor;

15.   Docket No. 88, Order Confirming Debtor's Chapter 13 Plan;

16.   Docket Nos. 54, 55, Orders entered June 18, 1996;

17.   Docket No. 42, Notice of Motion regarding Debtor's Objection to Proof of Claim filed by Pinnacle Bank, now known as Fifth Third Bank;

18.   Docket No. 41, Debtor's Objection to Proof of Claim filed by Pinnacle Bank, now known as Fifth Third Bank;

3



19.    Proof of Claim filed by Pinnacle Bank, now known as Fifth Third Bank.

JAMES A. REDMOND

By:___/s/ Jordan B. Rifis_____
One of His Attorneys


Jordan B. Rifis (A.R.D.C. No. 02337185)
David P. von Ebers  (A.R.D.C. No. 6196337)
Help-U-Settle Attorneys, Chtd.
1034 Pleasant Street
Oak Park, Illinois  60302
(708) 386-4900

4

**APPEAL TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE:                        )

                                )

     JAMES A. REDMOND,        )

                                )

                 Debtor.     )      Case No. 96 B 03162

_____ )

JAMES A. REDMOND,          )      Chapter 13

                                )

                Appellant,  )      Hon. Eugene Wedoff, Judge Presiding

                                )

         v.                    )

                                )

FIFTH THIRD BANK, f/k/a       )

PINNACLE BANK,              )

                                )

                  Appellee.   )

## NOTICE OF FILING

TO:   *See Attached Service List*

      Please take notice that we have this day filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Easter Division, **Debtor's Rule 8006 Designation of Contents of Record on Appeal**, a true and correct copy of which is attached hereto and is hereby served upon you.

Dated:  January 14, 2008

                         JAMES A. REDMOND

                         By:    /s/  Jordan B. Rifis

                                One of His Attorneys

Jordan B. Rifis (A.R.D.C. No. 02337185)
David P. von Ebers  (A.R.D.C. No. 6196337)
Help-U-Settle Attorneys, Chtd.
1034 Pleasant Street
Oak Park, Illinois  60302
(708) 386-4900

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Notice of Filing and the document to which it refers to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Additionally, the individuals identified on the attached service list will be served by mail, by placing true and correct copies of this Notice of Filing and the document to which it refers in envelopes addressed as indicated on the attached service list, with postage prepaid, and depositing the same in the U.S. mail at the Oak Park Main Post Office before the hour of 5:00 p.m. on January 14, 2008.

/s/ Jordan B. Rifis

2

*In Re James A. Redmond, Debtor*, **Case No. 96 B 03162**

## SERVICE LIST

James A. Redmond
Mr. James Redmond
125 Acacia Drive
Indian Head Park, Illinois  60525
*Debtor/Appellant*

Constantine C. Harvalis
United States Trustee
Office of the United States Trustee
227 West Monroe Street
Suite 3350
Chicago, Illinois  60606
*U.S. Trustee*

Edward J. Lesniak, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue
22nd Floor
Chicago, Illinois  60611-3607
*Attorneys for Fifth Third Bank f/k/a Pinnacle Bank*

Roberto Anguizola, Esq.
Schwartz Cooper, Chartered
180 North LaSalle Street
Suite 2700
Chicago, Illinois  60601
*Attorneys for Metropolitan Mortgage and Security Company, Inc.*

Michael C. Kim, Esq.
Michael C. Kim & Associates
19 South LaSalle Street
Suite 303
Chicago, Illinois  60603
*Attorneys for Wilshire Green Condominium Association*

Paul R. Gamperl, Esq.
Tribler, Orpett & Meyer P.C.
225 West Washington Street
Suite 1300
Chicago, Illinois 60606-3408
*Attorneys for Robert A. Egan*