IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re JAMES A. REDMOND, Debtor ) | |
| _____ ) | |
| JAMES A. REDMOND, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. 08-cv-961 |
| ) | |
| FIFTH THIRD BANK, ) | Judge Manning |
| ) | Magistrate Judge Mason |
| Appellee. ) | |

MOTION OF APPELLEE FIFTH THIRD BANK TO STRIKE
APPELLANT'S OPENING BRIEF OR, IN THE ALTERNATIVE,
FOR AN EXTENSION OF TIME TO FILE RESPONSE BRIEF

Appellee, Fifth Third Bank ("Fifth Third"), as secured creditor of Appellant James Redmond ("Redmond"), by its counsel, Edward J. Lesniak of Burke, Warren, MacKay & Serritella, P.C., hereby moves to strike Redmond's opening brief or, in the alternative, to extend the time for Fifth Third to file its response brief, in support of which Fifth Third states as follows:

PREFATORY STATEMENT

Redmond herein filed two requests to extend the time to file his opening brief. Fifth Third did not object to either request, and the Court granted those requests. Redmond's opening brief was due April 15, 2008. However, Redmond did not file his opening brief until April 19, 2008. He filed it without the prior leave of court to file late. Moreover, the brief Redmond filed was 27 pages, i.e. 12 pages over this Court's 15-page limit set forth in its case management procedures. Redmond did not obtain leave of court to file a brief in excess of 15 pages.

At the time the Court ordered Redmond to file his brief on April 15, 2008, it also ordered Fifth Third to file its response brief by May 13, 2008. However, by failing to timely file his brief, Redmond has diluted the time available for Fifth Third to file its response brief and disrupted the schedule of Fifth Third's counsel to prepare the response brief within the timetable established by the Court.

For these reasons, this Court should strike Redmond's opening brief or, in the alternative, allow Fifth Third additional time to file its response brief.

## PROCEDURAL FACTS

1. On June 12, 2006, Redmond filed his Motion to Reopen his bankruptcy case to file a motion for sanctions against Fifth Third Bank.

2. On June 29, 2006, the Bankruptcy Court denied Redmond's Motion to Reopen, and Redmond appealed to this Court.

3. On July 31, 2007, this Court entered its Order reversing the Bankruptcy Court's ruling and remanding the case to the Bankruptcy Court to address certain issues.

4. On December 20, 2007, the Bankruptcy Court entered its written opinion wherein it addressed all of the issues raised by this Court, and again denied Redmond's Motion to Reopen.

5. Again, Redmond appealed, and the appeal was docketed in this Court on February 28, 2008. Under Bankruptcy Rule 8009, Redmond's opening brief was due March 14, 2008.

6. On March 3, 2008, this Court entered an Order providing, in pertinent part, that:

> "If the appellant fails to file a timely brief, this appeal will be dismissed for want of prosecution. ... The court also notes that motions for extensions will be disfavored."

(Minute Entry, Docket No. 3.)

7.　　On March 14, 2008, Redmond filed his first motion for an extension of time. (Motion, Docket No. 5.) Fifth Third did not object. The Court granted the motion and gave Redmond until April 4, 2008 to file his brief. Again, the Court noted that "Requests for further extension shall be strongly disfavored." (Minute Entry, Docket No. 7.)

8.　　On April 4, 2008, Redmond filed a second request for an extension of time to file his opening brief. (Motion, Docket No. 8.) Again, Fifth Third did not object. The Court granted Redmond's motion, giving him until April 15, 2008 to file his brief. It also ordered Fifth Third to file its response brief by May 13, 2008. (Minute Entry, Docket No. 10.)

9.　　Redmond did not file his brief on or before April 15, 2008. Rather, Redmond filed his brief on April 19, 2008. (Brief, Docket No. 11.) He did not file a motion for a third extension. Rather, he filed his brief after the due date of April 15, 2008, without leave of court.

10.　　The brief Redmond filed is 27 pages long. However, this Court has a standing order that states "Briefs are limited to 15 pages each." (Judge Blanche M. Manning Case Management Procedures, "Bankruptcy Appeals".) Redmond did not ask leave of court to file a brief in excess of 15 pages in either of his two motions to extend the time to file, or by separate motion, prior to filing his brief. Rather, he filed a brief in excess of 15 pages without leave of court to do so.

11.　　Redmond's late filing has significantly diluted the time available for Fifth Third to file its response brief, and it has disrupted the schedule Fifth Third's counsel had set for himself to prepare the response brief based on the timetable established by the Court.

WHEREFORE, Appellee, Fifth Third Bank, prays that this Court:

A.　　Strike Redmond's opening brief, without leave to refile it, for (i) failure to file on or before April 15, 2008, as required by this Court's Order of April 14, 2008 and/or (ii) filing a

brief that is 12 pages more than the 15 page limit set by this Court in its Case Management Procedure, or, in the alternative;

  B. Allow Fifth Third Bank 21 additional days in which to file its response brief; or

  C. Such other and further relief as is appropriate in the circumstances.

               FIFTH THIRD BANK, Appellee

             By:___/s/____Edward J. Lesniak_____
                Its attorney

Edward J. Lesniak
Burke, Warren, MacKay & Serritella, P.C.
Attorneys for Fifth Third Bank
330 N. Wabash Avenue, 22nd Floor
Chicago, IL  60611-3607
(312) 840-7000 (telephone)
(312) 840-7900 (facsimile)
11002\00001\469041.1

4