**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES A. REDMOND, | ) | |
| | ) | |
| Debtor. | ) | Case No. 08 C 961 |
| JAMES A. REDMOND, | ) | |
| | ) | Appeal from the United States Bankruptcy Court |
| Appellant, | ) | for the Northern District of Illinois |
| | ) | Case No. 96 B 03162 |
| v. | ) | Hon. Eugene Wedoff, Judge Presiding |
| | ) | |
| FIFTH THIRD BANK, f/k/a PINNACLE BANK, | ) | Hon. Blanche M. Manning |
| | ) | |
| | ) | |
| Appellee. | ) | |

**REPLY BRIEF OF DEBTOR-APPELLANT JAMES A. REDMOND**

David P. von Ebers (A.R.D.C. No. 6196337)
Help-U-Settle Attorneys, Chtd.
1034 Pleasant Street
Oak Park, Illinois 60302
(708) 386-4900

# TABLE OF POINTS AND AUTHORITIES


Page

**RESPONSE TO PINNACLE'S STATEMENT OF THE CASE** 1

**ARGUMENT** 3

**I. REDMOND'S POSITION WITH REGARD TO THE BANKRUPTCY COURT'S ERRORS IS ENTIRELY CONSISTENT.** 4

**II. THE BANKRUPTCY COURT FAILED TO FOLLOW THE DISTRICT COURT'S INSTRUCTIONS ON REMAND.** 5

*In re James A. Redmond*, No. 06 C 4503 (N.D. Ill.), District Court's Memorandum and Order dated July 13, 2006, pp, 6-7 5

*In re Barton*, 359 B.R. 681, 686-88 (Bankr. N.D. Ill. 2006) 5

*In re Sullivan*, 367 B.R. 54 (Bankr. N.D. N.Y. 2007) 6

*In re Barton*, 359 B.R. 681, 686-88 (Bankr. N.D. Ill. 2006) 6-7

**III. THE BANKRUPTCY COURT DENIED REDMOND THE OPPORTUNITY TO BE HEARD ON THE ISSUES ADDRESSED IN ITS DECEMBER 20, 2007 MEMORANDUM OPINION.** 8

**IV. THE BANKRUPTCY COURT ABUSED ITS DISCRETION BY RULING ON THE UNDERLYING MOTION FOR SANCTIONS.** 9

*In re Lopez*, 283 B.R. 22, 28 (9th Cir. BAP 2002) 9

*In re Abbott*, 183 B.R. 198, 200 (9th Cir. BAP 1995) 9

*In re Venuto*, 343 B.R. 120, 124-25 (Bankr. E.D. Pa. 2006) 9

*Mann v. Chase Manhattan Mortgage Corp.*, 316 F.3d 1 (1st Cir. 2003) 10

*Guetling v. Household Financial Services, Inc.*, 312 B.R. 699 (M.D. Fla. 2004) 10

*In re Smith*, 299 B.R. 687 (Bankr. S.D. Ga. 2003) 10

*In re Lopez*, 283 B.R. 22, 26-27 (9th Cir. BAP 2002) 11

| | | Page |
|---|---|---|
| **V.** | **BY IMPROPERLY RULING ON THE PROPOSED MOTION FOR SANCTIONS IN THE CONTEXT OF RULING ON REDMOND'S MOTION TO REOPEN, THE BANKRUPTCY COURT DENIED REDMOND A FULL AND FAIR HEARING ON THE MOTION FOR SANCTIONS.** | 11 |
| | *In re Lopez*, 283 B.R. 22, 26-27 (9th Cir. BAP 2002) | 11 |
| | *In re Venuto*, 343 B.R. 120 (Bankr. E.D. Pa. 2006) | 11 |
| | *In re Abbott*, 183 B.R. 198 (9th Cir. BAP 1995) | 11 |
| **VI.** | **THE BANKRUPTCY COURT DEPRIVED REDMOND OF DUE PROCESS OF LAW BY DENYING REDMOND A FULL AND FAIR HEARING ON THE MOTION FOR SANCTIONS.** | 12 |
| | *Halas v. Platek*, 239 B.R. 784, 792 (N.D. Ill. 1999) | 12 |
| | U.S. Const. Amend. V | 12 |
| **VII.** | **THE BANKRUPTCY COURT ERRED IN DETERMINING THAT THE CIRCUIT COURT OF COOK COUNTY HAS JURISDICTION TO HEAR ANY REMAINING ISSUES ARISING OUT OF REDMOND'S BANKRUPTCY.** | 13 |
| | 11 U.S.C. § 362(h) | 13 |
| | *Halas v. Platek*, 239 B.R. 7784, 792 (N.D. Ill. 1999) | 13 |
| **CONCLUSION** | | 14 |

**RESPONSE TO PINNACLE'S STATEMENT OF THE CASE**

Redmond's[1] initial Brief in this Court sets out the underlying facts upon which he based his Motion to Reopen and his proposed Motion for Sanctions in the Bankruptcy Court (*see* Redmond's Brief, pp. 5-11), and, as Pinnacle acknowledges, Redmond's statement of facts should be taken as true for purposes reviewing the Bankruptcy Court's denial of the Motion to Reopen. (Pinnacle's Brief, p. 4 n. 2.) Nonetheless, in Pinnacle's Brief includes certain factual assertions that are inconsistent with the facts set out in the Motion to Reopen and the proposed Motion for Sanctions, thereby requiring some further clarification.

Specifically, Pinnacle asserts that the June 18, 1996 Agreed Order in the Bankruptcy Court "provided that the [automatic] stay [under Section 362 of the Code] would automatically modify, without any further action by the Bank, on April 1, 1998, the maturity date on Redmond's balloon note with the Bank." (Pinnacle's Brief, p. 1.) That statement is not entirely correct. As Pinnacle notes, the June 18, 1996 Agreed Order provided two ways to lift the automatic stay – either as a consequence of a default in payments by Redmond or upon the maturity date of the underlying Balloon Note – but it also provided:

> In the event of the modification of the stay as outlined in this Order, Pinnacle Bank shall give notice to the Debtor, the Debtor's attorney and the trustee and shall file sad Notice with the Court.

(Bankruptcy Docket No. 114, Ex. A, Motion for Sanctions, Exhibit 2 at ¶ 8.)

So, the June 18, 1996 Agreed Order required Pinnacle to give notice to Redmond, his attorney and the trustee, and to file such notice with the Bankruptcy Court, when the stay lifted under *either* manner specified in the Agreed Order – *i.e.*, whether the stay lifted as a consequence of Redmond's default *or* upon maturity of the Balloon Note. Pinnacle did not, in

[1] For ease of reference, Redmond uses the same defined terms in this Reply Brief as in his initial Brief.

fact, give any such notice to Redmond, his attorney or the trustee, nor was such notice filed with the Bankruptcy Court, subsequent to the April 1, 1998 maturity date; but, of course, Redmond's claims are not premised solely on Pinnacle's conduct subsequent to April 1, 1998. Redmond's claims with respect to the automatic stay are premised on Pinnacle's March 1998 Payoff Letters (issued while the stay clearly remained in effect) through which Pinnacle sought to recover monies from Redmond it was not entitled to recover.

Additionally, in its Statement of the Case, Pinnacle expends considerable effort to explain why Judge Wedoff initially denied Redmond's Motion to Reopen in June 2006. (Pinnacle's Brief, pp. 2-3.) Redmond disputes the accuracy of Pinnacle's characterization of the June 2006 hearing, but that is beside the point: This Court previously reversed Judge Wedoff's June 2006 ruling, determining that the Bankruptcy Court failed to consider the proper factors presented by the Motion to Reopen. Pinnacle's attempt to resuscitate the Bankruptcy Court's initial erroneous ruling should therefore be disregarded.

Finally, in the section of its Brief captioned "The Core Dispute Between the Parties," Pinnacle "notes that in his statement of facts, Redmond jumps from July 1, 1998 to July 12, 2005 without any explanation whatsoever as to what facts, if any, would have prevented Redmond from asking for relief from the bankruptcy court [during that timeframe]." (Pinnacle's Brief, p. 5.) This statement is completely erroneous. In fact, Redmond explained that during the period from the onset of the Pending Mortgage Foreclosure Action in July 1998 and continuing for nearly seven (7) years, Pinnacle never produced documentation sufficient to explain how it had calculated the mysterious "Other Charges Due" figure in its March 19, 1998 Payoff Letter, saying, "In response to Redmond's [June 2005 Motion for Leave to File a Motion for Partial Summary Judgment] in the Pending Mortgage Foreclosure Action …, Pinnacle filed a brief in

which it disclosed, for the first time in seven (7) years of litigation in the state court, the specific sums Pinnacle had sought to recover in the March 1998 Payoff Letter (and in Pinnacle's initial Complaint in the Pending Mortgage Foreclosure Action), including identifying, for the first time, the basis on which Pinnacle sought to recover the disputed 'Other Charges Due' of $5,514.24." (Redmond's Brief, p. 10; *see also id*., pp. 21-22.) Thus it was Pinnacle's failure to produce documentation sufficient to explain *its claim* in the Pending Mortgage Foreclosure Action that precluded Redmond from seeking the relief set out in his Motion to Reopen and proposed Motion for Sanctions.

## ARGUMENT

Pinnacle asserts that "[t]he sole issue before this Court is whether the Bankruptcy Court abused its discretion under applicable standards in denying the Motion to Reopen, and, more specifically, whether the Bankruptcy Court considered the factors stated by this Court to be pertinent to that consideration." (Pinnacle's Brief, p. 5.) Yet, as Redmond's Brief amply demonstrates, that is precisely what the Bankruptcy Court failed to do. The Bankruptcy Court disregarded this Court's July 2007 ruling reversing the Bankruptcy Court's prior decision denying the Motion to Reopen; and failed to consider the very factor this Court directed the Bankruptcy Court to consider on remand: Whether Redmond's pleadings set out allegations to the effect that Pinnacle wrongfully sought to recover pre-petition indebtedness in violation of the automatic stay and the Chapter 13 Plan. Instead, the Bankruptcy Court improperly delved into the merits of the underlying proposed Motion for Sanctions; made detailed findings of fact which should have been considered only after the case was reopened and the parties had an adequate opportunity to develop a full factual record; and disregarded critical facts alleged in Redmond's

pleadings – the very facts Pinnacle concedes are to be taken as true for purposes of considering the Motion to Reopen.

## I. REDMOND'S POSITION WITH REGARD TO THE BANKRUPTCY COURT'S ERRORS IS ENTIRELY CONSISTENT.

Pinnacle begins its assault on Redmond's arguments with a tautology. Pinnacle states that "Redmond's Brief is a model of self-contradiction" because Redmond argues both that the Bankruptcy Court improperly delved into the substance of the proposed Motion for Sanctions, and that it thereby denied Redmond the opportunity to be heard with respect to the issues raised in the proposed Motion for Sanctions. (Pinnacle's Brief, p. 6.) Pinnacle then asks, "Did the Bankruptcy Court do too little or too much? Redmond's answer is both." (*Id.*)

Here, Pinnacle betrays a complete misunderstanding of the issues raised in this appeal. Redmond's argument is that the Bankruptcy Court, in effect, ruled on the merits of the underlying Motion for Sanctions; that the issues raised in the Motion for Sanctions should not have been reached until *after* the case had been reopened and the parties had the opportunity to develop a full factual record; and that by improperly ruling on the merits of the Motion for Sanctions, the Bankruptcy Court deprived Redmond of the right to be heard as to those issues. These arguments are not contradictory in any sense; each follows logically from the other. By way of analogy, if the Court were ruling on a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and made findings of fact contrary to the facts alleged in the challenged pleading, the proponent of the challenged pleading could argue (a) that the Court improperly resolved factual disputes in the context of a Rule 12(b)(6) motion; and (b) that in so doing, the Court deprived the party of an opportunity to be heard on the merits of the challenged pleading. To suggest that those arguments are contradictory borders on farcical.

## II. THE BANKRUPTCY COURT FAILED TO FOLLOW THE DISTRICT COURT'S INSTRUCTIONS ON REMAND.

As Redmond argued in his initial Brief, this Court reversed the Bankruptcy Court's initial denial of Redmond's Motion to Reopen because the Bankruptcy Court's initial ruling turned on only one issue: "whether Pinnacle was placing a lien on real, as opposed to personal, property." *In re James A. Redmond*, No. 06 C 4503 (N.D. Ill.), District Court's Memorandum and Order dated July 13, 2007, at p. 6 (Bankruptcy Docket No. 131). This Court concluded that it was error for the Bankruptcy Court to have hinged its decision on this question alone, because "[i]f Pinnacle … was attempting to collect *pre*-petition debt, and attempting to collect more than it was due under the Chapter 13 plan, then Pinnacle's conduct may have violated the plan." *Id.*, citing *In re Barton*, 359 B.R. 681 (Bankr. N.D. Ill. 2006).

On remand, the Bankruptcy Court addressed a host of issues *other than* the specific issue it was directed to address (*see* Redmond's Brief, pp. 15-16), but specifically avoided the issue whether Redmond's Motion to Reopen and proposed Motion for Sanctions alleged an effort by Pinnacle to collect pre-petition indebtedness over and above that which the Bankruptcy Court had allowed in the June 18, 1996 Agreed Order and in the Chapter 13 Plan. Without repeating all of the details here, Redmond's Motion to Reopen and Motion for Sanctions set forth specific allegations to the effect that in its March 19, 1998 Payoff Letter (and in its subsequent Complaint in the Pending Mortgage Foreclosure Action) Pinnacle *was*, in fact, seeking to recover pre-petition debt that exceeded the amount permitted in the June 19, 1996 Agreed Order and in the Chapter 13 Plan – to-wit: pre-petition attorneys' fees in excess of the amounts allowed by the Bankruptcy Court. (*See* Redmond's Brief, pp. 16-18.)

Pinnacle, however, glosses over the facts Redmond cites to establish that Pinnacle had improperly sought to recover pre-petition indebtedness. Instead, Pinnacle relies on the

Bankruptcy Court's determination that Pinnacle did not violate the automatic stay by issuing its March 1998 Payoff Letters, regardless of what sums were included in the payoff amounts, simply because Pinnacle "did not seek payment by issuing the letters." Bankruptcy Court's Memorandum Opinion dated December 20, 2007, p. 9 (Bankruptcy Docket No. 141). Significantly, however, the Bankruptcy Court cited no authority for that proposition, but instead cited one case – *In re Sullivan*, 367 B.R. 54 (Bankr. N.D. N.Y. 2007) – that reached the *opposite* conclusion. *Id*., p. 10. Moreover, where Pinnacle states that its March 19, 1998 Payoff Letter did not violate either the automatic stay or the Chapter 13 Plan because "the payoff letter did nothing more than state the total amount claimed to be owed by the Bank, without regard to how it would be paid" (Pinnacle's Brief, p. 8), it overlooks the fact that Redmond is arguing "the total amount claimed to be owed by the Bank" includes amounts the Bank was not permitted to recover either under the June 18, 1996 Agreed Order or the Chapter 13 Plan.

Worse, Pinnacle completely distorts Redmond's position with regard to the disputed amounts in the March 19, 1998 Payoff Letter, stating "Redmond himself asserts that the amount claimed by the Bank includes at least $1,555 in attorneys' fees incurred after the June 18, 1996 [Agreed] Order." (Pinnacle's Brief, p. 8.) That, in fact, is precisely the *opposite* of what Redmond asserts. Redmond asserts that while *Pinnacle* characterizes the disputed $1,555.00 in fees as post-June 18, 1996 fees, Pinnacle's own records demonstrate that a majority of those fees must have been incurred pre-petition and are in excess of the fees and costs permitted in the June 18, 1996 Agreed Order and the Chapter 13 Plan. (*See* Redmond's Brief, pp. 17-18.)

Accordingly, Redmond's Motion to Reopen and the proposed Motion for Sanctions set out facts which fall squarely within the holding of *In re Barton*, 359 B.R. 681 (Bankr. N.D. Ill. 2006), the primary case upon which this Court relied when it reversed the Bankruptcy Court's

prior denial of Redmond's Motion to Reopen. Moreover, Pinnacle's effort to distinguish *Barton* from the facts of this case is wide of the mark. Pinnacle asserts that *Barton* is inapplicable for three reasons: (1) Unlike the trustee in *Barton*, here Redmond's trustee had not yet paid Pinnacle the full balance owed it under the terms of Redmond's Chapter 13 Plan; (2) in this case, the June 18, 1996 Agreed Order provided that the automatic stay lifted automatically upon the maturity date of the Balloon Note[2]; and (3) here, Pinnacle filed a claim against Redmond in his Chapter 13 case, whereas the county government that sought to enforce a lien against the debtor in *Barton* did not file a claim. (Pinnacle's Brief, p. 7 n. 4.)

However, none of the distinguishing facts on which Pinnacle relies alters the result here. It is of no consequence that monies were still to be paid to Pinnacle out of the Chapter 13 Plan, because the challenged amounts in the March 19, 1998 Payoff Letter represented monies to which Pinnacle was not entitled in the first instance. Rather, they were amounts over and above that which the Bankruptcy Court had approved in Redmond's Chapter 13 Plan. Nor does it matter that Pinnacle believes the stay automatically lifted on April 1, 1998 without further notice, because the challenged conduct – the issuance of the March 19, 1998 Payoff Letter – occurred prior to April 1, 1998. Lastly, the fact that Pinnacle filed a claim here is irrelevant. The purpose of the June 18, 1996 Agreed Order was to determine the amount of Pinnacle's claim. The sums Redmond is challenging are over and above the Court allowed in that Agreed Order. Pinnacle may disagree with that position, but that is an issue to be resolved in connection with the proposed Motion for Sanctions after the case has been opened.

At best, therefore, there exists a factual dispute as to whether Pinnacle has sought to recover pre-petition fees in excess of the amounts permitted by the Bankruptcy Court. On the

---

[2] As indicated above, Redmond disagrees with this interpretation of the June 18, 1996 Agreed Order. *See* pp. 1-2, *infra*.

face of Redmond's pleadings, however, he has alleged that to be the case. Consequently, Redmond's pleadings set fort a basis to reopen the case.

## III. THE BANKRUPTCY COURT DENIED REDMOND THE OPPORTUNITY TO BE HEARD ON THE ISSUES ADDRESSED IN ITS DECEMBER 20, 2007 MEMORANDUM OPINION.

Redmond also challenges the Bankruptcy Court's consideration of issues that went well beyond this Court's directive – such as the Bankruptcy Court's erroneous finding that that the challenged "Other Charges Due" in the March 1998 Payoff Letter included only proper post-petition charges (even though Redmond's pleadings demonstrate the opposite); that Pinnacle did not violate the discharge injunction because Redmond committed a "second default" by failing to pay off the Balloon Note upon its maturity date (despite the fact that Pinnacle's illegal conduct forced the second default); and that Redmond's Motion to Reopen was untimely (despite the fact that Redmond alleged facts to explain that delay) – all without affording Redmond an opportunity to address any of those issues. (*See* Redmond's Brief, pp. 8-11.) Pinnacle, however, dismisses these issues by saying the Bankruptcy Court was merely considering the "pertinent factors" it was supposed to consider in the context of a Motion to Reopen.

Again, however, Pinnacle misses the point. The Bankruptcy Court did not merely "consider" those factors, but made findings of fact and conclusions of law which *resolved disputes as to those factors* without giving Redmond an opportunity to be heard. As Redmond's Brief amply demonstrates, the Court merely accepted *Pinnacle's* explanation of the "Other Charges Due" figure – *i.e.*, that those charges included only proper post-petition charges – and disregarded Redmond's explanation to the contrary. Likewise, the Bankruptcy Court never afforded Redmond an opportunity to address the so-called "second default," which occurred only as a consequence of Pinnacle's violations of Redmond's rights (including Redmond's

*bankruptcy* rights, as explained above), nor why Redmond was not able to bring these issues to the Court's attention for more than seven years, due to Pinnacle's failure to produce records in the Pending Mortgage Foreclosure Action. The Bankruptcy Court simply resolved all disputes in favor of Pinnacle, rather than permitting Redmond the opportunity to explain his position with respect to each of the "pertinent factors" the Bankruptcy Court purported to consider.

## IV. THE BANKRUPTCY COURT ABUSED ITS DISCRETION BY RULING ON THE UNDERLYING MOTION FOR SANCTIONS.

Furthermore, by delving into the minutia alleged in Redmond's proposed Motion for Sanctions and resolving factual disputes in Pinnacle's favor, the Bankruptcy Court abused its discretion by addressing and attempting to resolve the underlying issue which Redmond sought to address upon reopening his case. *See In re Lopez*, 283 B.R. 22, 28 (9th Cir. BAP 2002), ("the decision whether to reopen should not become a battleground for litigation of the underlying merits."); *In re Abbott*, 183 B.R. 198, 200 (9th Cir. BAP 1995) ("[a] motion to reopen is simply a mechanical device … [i]t has no independent legal significance and determines nothing with respect to the merits of the case"); *In re Venuto*, 343 B.R. 120, 124-25 (Bankr. E.D. Pa. 2006) (decision to open case is distinct from merits of issue debtor wants to raise once case is reopened). Indeed, Judge Wedoff acknowledged the Bankruptcy Court's limited role in deciding a Motion to Reopen, stating that if Redmond's proposed Motion for Sanctions had "facial validity," a basis to reopen the case would exist. (Bankruptcy Court's Memorandum Opinion dated December 20, 2007, p. 8.)

But, as Redmond amply demonstrated above and in his initial Brief in this appeal, the Bankruptcy Court made detailed findings of fact with respect to the merits of Redmond's proposed Motion for Sanctions, all in the guise of determine whether the Motion to Reopen had "facial validity." Consequently, the Bankruptcy Court delved too deeply into the merits of the

issues Redmond sought to raise in his Motion for Sanctions – issues which should have been addressed only after the case was reopened and the parties had the opportunity to conduct discovery and develop a full factual record.

Pinnacle, of course, argues that the Bankruptcy Court's analysis was entirely appropriate (although the Bankruptcy Court made detailed "Findings of Fact"); but in so arguing relies on cases that actually undermine its position, because they involved substantive motions directed to the merits of the underlying question – that is, whether, under the facts of the particular case, the challenged conduct amounted to a violation of the automatic stay under Section 362 of the Code or some other provision of the bankruptcy laws. For example, Pinnacle cites *Mann v. Chase Manhattan Mortgage Corp.*, 316 F.3d 1 (1st Cir. 2003), in which the Court of Appeals upheld a District Court's entry of summary judgment under Fed. R. Civ. P. 56 in favor of a defendant accused of violating the plaintiffs' rights under the automatic stay. Likewise, the District Court in *Guetling v. Household Financial Services, Inc.*, 312 B.R. 699 (M.D. Fla. 2004), granted the defendant's motion to dismiss the plaintiff's class action complaint under Fed. R. Civ. P. 12(b)(6); and *In re Smith*, 299 B.R. 687 (Bankr. S.D. Ga. 2003), involved motions to dismiss an adversary complaint under Fed. R. Civ. P. 12(b)(1) and (6).

In other words, each of the cases cited by Pinnacle goes directly to the merits of the underlying issue Redmond sought to raise, not to whether Redmond stated cause for reopening the bankruptcy case itself. Each of those cases involves a challenge to an existing complaint; but that was not the procedural posture of this case in the Bankruptcy Court. Accordingly, Pinnacle may have been in a position to rely on those cases in opposition to the Motion for Sanctions itself, had Judge Wedoff reopened the case and permitted Redmond to proceed on that Motion, but it is premature to argue that those cases here.

Because "the decision whether to reopen should not become a battleground for litigation of the underlying merits," *In re Lopez*, 283 B.R. 22, 28 (9th Cir. BAP 2002), the Bankruptcy Court erred in delving into the merits of Redmond's proposed Motion for Sanctions and, therefore, this Court should reverse the Bankruptcy Court's ruling and remand this cause to permit Redmond to reopen his case.

## V. BY IMPROPERLY RULING ON THE PROPOSED MOTION FOR SANCTIONS IN THE CONTEXT OF RULING ON REDMOND'S MOTION TO REOPEN, THE BANKRUPTCY COURT DENIED REDMOND A FULL AND FAIR HEARING ON THE MOTION FOR SANCTIONS.

Redmond further argues that the Bankruptcy Court not only denied Redmond a fair hearing on his Motion to Reopen, as explained above, but effectively deprived Redmond the opportunity to obtain a full and fair hearing on the proposed Motion for Sanctions. Had the Bankruptcy Court reopened the case, as it should have, Redmond would then have been granted leave to file the Motion for Sanctions and to proceed to a full hearing on the merits of that Motion. But by addressing the merits of Redmond's proposed Motion for Sanctions in the course of denying Redmond's Motion to Reopen, the Bankruptcy Court effectively denied Redmond a full and fair hearing on the proposed Motion for Sanctions. *See In re Lopez*, 283 B.R. 22, 26-27 (9th Cir. BAP 2002); *In re Venuto*, 343 B.R. 120 (Bankr. E.D. Pa. 2006); and *In re Abbott*, 183 B.R. 198, 201 (9th Cir. BAP 1995).

In its Brief, however, Pinnacle ignores the foregoing argument and simply asserts that Judge Wedoff only answered the threshold question whether, on the face of the pleadings, Redmond had presented a basis to reopen the case. But the controlling case law clearly establishes a two-step process: First, the Bankruptcy Court is to determine whether the debtor has alleged a basis to reopen his case, in the course of which the Bankruptcy Court is *not* to determine the merits of the issue the debtor seeks to raise upon reopening the case. Then, if the

pleadings on their face establish a basis to reopen, the debtor is entitled to proceed on the merits of the issue he wishes to raise. By improperly telescoping that two-step procedure into one, the Bankruptcy Court abused its discretion and denied Redmond a fair opportunity to be heard on his proposed Motion for Sanctions. The Court should therefore reverse the Bankruptcy Court's December 20, 2007 Order.

## VI. THE BANKRUPTCY COURT DEPRIVED REDMOND OF DUE PROCESS OF LAW BY DENYING REDMOND A FULL AND FAIR HEARING ON THE MOTION FOR SANCTIONS.

Pinnacle glibly states that Redmond "fail[ed] to develop any argument" to the effect that the Bankruptcy Court deprived Redmond of due process of law by depriving him of a remedy, apparently because that section of Redmond's Brief (a Brief to which Pinnacle objected on the basis that it was too long) was not sufficiently like a constitutional law treatise to meet Pinnacle's standards. But Redmond did, in fact, "develop" his argument this way: Redmond asserts that Pinnacle violated his rights under controlling bankruptcy law, as a consequence of which he is entitled to sanctions. Redmond cannot recover sanctions in the Circuit Court of Cook County for Pinnacle's violations of his bankruptcy rights (*Halas v. Platek*, 239 B.R. 784, 792 (N.D. Ill. 1999); *see infra*). So, by summarily denying Redmond the right to file and prosecute his Motion for Sanctions, the Bankruptcy Court effectively rendered him without a remedy for the serious violations of his rights alleged in the Motion for Sanctions. That is, the Bankruptcy Court effectively denied Redmond *any* forum in which to seek redress for Pinnacle's wrongful conduct.

Accordingly, Redmond has been denied due process of law in violation of the Fifth Amendment to the United States Constitution, and, on that basis, the Court should reverse the Bankruptcy Court's Order of December 20, 2007.

## VII. THE BANKRUPTCY COURT ERRED IN DETERMINING THAT THE CIRCUIT COURT OF COOK COUNTY HAS JURISDICTION TO HEAR ANY REMAINING ISSUES ARISING OUT OF REDMOND'S BANKRUPTCY.

Finally, Pinnacle asserts that the sole dispute between the parties relates to the amount Redmond owes Pinnacle, and that dispute can be resolved in state court in the Pending Mortgage Foreclosure. That argument, which the Bankruptcy Court accepted in its December 20, 2007 Memorandum Opinion, misapprehends the nature of the claims Redmond sought to raise in his proposed Motion for Sanctions. As Redmond has repeatedly asserted in his pleadings before this Court and in the Bankruptcy Court, Redmond filed his Motion to Reopen in order to pursue sanctions against Pinnacle under Section 362(h) of the Code, which provides that "[a]n individual injured by any willful violation of the stay provided in this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

In *Halas v. Platek*, 239 B.R. 784, 792 (N.D. Ill. 1999), the court held "that a § 362(h) request for sanctions is within ***the exclusive jurisdiction of the bankruptcy court*** under [28 U.S.C.] § 1334(a)." (Emphasis supplied.) So, again, both Pinnacle and the Bankruptcy Court are simply incorrect when they assert that Redmond can obtain appropriate relief in state court. If, in fact, Redmond is able to establish that Pinnacle violated his rights under the Code, Redmond *cannot* obtain relief in the Pending Mortgage Foreclosure Action because the state court simply lacks jurisdiction to award relief under Section 362(h). Rather, his only remedy is to reopen his Chapter 13 case and pursue sanctions here.

Accordingly, the Bankruptcy Court's December 20, 2007 Order should be reversed and Redmond should be permitted to present his Motion for Sanctions to the Bankruptcy Court.

**CONCLUSION**

For the foregoing reasons, Debtor-Appellant, JAMES A. REDMOND, respectfully prays that the Court reverse the Order entered by the Bankruptcy Court on December 20, 2007; remand this cause to the Bankruptcy Court with directions to reopen Redmond's Chapter 13 Case and to grant Redmond leave to file and proceed on his Motion for Sanctions against Pinnacle; and grant such further relief as the Court deems just and proper.

JAMES A. REDMOND

By: /s/ David P. von Ebers
His Attorney

David P. von Ebers (A.R.D.C. No. 6196337)
Help-U-Settle Attorneys, Chtd.
1034 Pleasant Street
Oak Park, Illinois 60302
(708) 386-4900

**CERTIFICATE OF SERVICE**

    I hereby certify that I caused the foregoing Reply Brief of Debtor-Appellant James A. Redmond to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Additionally, the individuals identified on the attached service list will be served by mail, by placing true and correct copies of this Brief of Debtor-Appellant James A. Redmond in envelopes addressed as indicated on the attached service list, with postage prepaid, and depositing the same in the U.S. mail at the Oak Park Main Post Office before the hour of 5:00 p.m. on July 18, 2008.

                                                         /s/ David P. von Ebers

***In Re: James A. Redmond, Debtor***
***James A. Redmond, Appellant v. Fifth Third Bank, f/k/a Pinnacle Bank, Appellee***
**Case No. 06 C 4503**

**SERVICE LIST**

James A. Redmond
Mr. James Redmond
125 Acacia Drive
Indian Head Park, Illinois 60525
***Debtor/Appellant***

Roberto Anguizola, Esq.
Schwartz Cooper, Chartered
180 North LaSalle Street
Suite 2700
Chicago, Illinois 60601
***Attorneys for Metropolitan Mortgage and Security Company, Inc.***

Michael C. Kim, Esq.
Michael C. Kim & Associates
19 South LaSalle Street
Suite 303
Chicago, Illinois 60603
***Attorneys for Wilshire Green Condominium Association***

Paul R. Gamperl, Esq.
Tribler, Orpett & Meyer P.C.
225 West Washington Street
Suite 1300
Chicago, Illinois 60606-3408
***Attorneys for Robert A. Egan***